Per curiam.
This cafe comes before the court on demurrer. It was an añion of affumplit, and the declaration captioned of July term 1801. The time laid in the declaration, at which the caufe of añion arofe, is on the 1 ith day of Qñober 1801. To this there is a ipecial demurrer, alleging for caufe, that the añion appears from the declaration to have been commenced before caufe of añion arofe. It is, we take it, well fettled that if the plaintiff at the commencement of his fuit had no caufe of añion a fubfequent right would not maintain his añion. And it has been fettled in this court, in the cafe of Carpenter v. Butterfield, that as to every material purpofe, the iffuing the writ was the commencement of the fuit—fo that a note purchafed by the defendant after that time could not be fet off againft the plaintiff’s demand.*
The declaration muft be captioned of the term when the writ is returned ferved. This point is fettled in the cafe of * Smith v. Muller, and it is there alfo determined that the tut, üiuivtit the time of añual delivery was enlarged, but {till it muft be f. , , ... . contidered as delivered nunc pro tunc. tice the declaration was añually delivered the fame term the writ was returned, and it was only in cafe of the plaintiff" that
Upon the principles of thefe authorities therefore, it muft , , - r . ... r appear trom the race of the declaration in this caufe, and the court muft neceflarily intend the fañs, that the writ was returned in July term 1801, and of courfe the añion, both in fañ, and technically {peaking, commenced previous to that *72 time. But the plaintiff alleges his caufe of affion to have, arifen on the nth of Offober thereafter. We think there-, fore it appears upon the face of the record, that the affionwas commenced, before the right of affion accrued. The time of aftually filing the declaration cannot, as contended by the plaintiff’s counfel, be confidered the commencement of the fuit: if therefore the defendant, by plea, had put the faff in iffiie, it would have been an immaterial faff ; all the material faffs appear by the plaintiff’s own ihowing. In the cafe of Ward v. Honeywood, the judgment was reverfed on-writ of error, on the ground that it appeared on the face of the record, that there was no caufe of affion when the fuit was commenced—if this would be error after judgment, advantage may certainly be taken of it by demurrer.
We are therefore of opinion that judgment ought to be for the' defendant.
Livingfton J. In England it is fettled, that the filing of a bill or declaration is to be regarded for every effential purpofe as the commencement of a fuit, Vid. Cowp. 454—but in Carpenter and Butterfield, decided by this court, a different rule was adopted. The iffuing of a writ' was there confidered as the beginning of an affion, fo' much fo that the defendant was not permitted to fet off againft the plaintiff’s demand, a note which he had obtained for valuable confideration between the fealing of the procefs and the arreft. This rule, to- operate fairly, muft be mutual—if an affion begins by ifining a writ fo as to deprive the defendant of a fet-off in the cafe mentioned, neither ought the plaintiffs to recover a demand not then due. My judgment therefore in favour of the defendant is not founded on Britiih authorities, but entirely on a former deriñon of our own.

 See Prai’103. that lf defendant put. inbau,andpleau in chief, he caned out before debt due, appih cation ought to be to a judge tv i!le C0,1V out putting i:s bail, caufe of añion arre¿ be before arofe. If tin *72 Doug. 61. that cafe was on marihaifee proceis, where the proceedings are by plaint; and in an inferior court the plaint is as an original. Savage v. Knight, 1 Leon. 302. See the cbfervation of Ashhurst J. in Doug. 62.