ALBANY,
Feb. 1808.

Cheetham
v.
Lewis.

## Cheetham *against* Lewis.

Where the de-
claration in a
suit for a *libel*,
was entitled of
*November*
term, general-
ly, but the *me-
morandum* was
of the second
*Monday*, or the

THE declaration in this cause was for a *libel* published
the 18th day of *November*, 1803. The declaration was
entitled of *November* term, generally, and the memoran-
dum was of the second *Monday* of *November*, being the
14th day of that month, or the first day of the term.

14th day of *November*, being the first day of the term, and the libel
was alleged to have been published on the 18th day of the same *November* ; it was
held, on demurrer, to be bad ; such a mistake would not have been cured by a verdict.
The suing out of the writ is the commencement of the action, and the cause of action
must be stated to have arisen prior to the commencement of the suit.

There was a general imparlance to *November* term, 1805, when the defendant demurred to the declaration, and the plaintiff joined in demurrer.

*D. B. Ogden* and *Hoffman*, in support of the demurrer. The declaration must always be entitled after the cause of action accrued, and not of the term generally.[*] Where the cause of action arises after the first day of term, there should be a special memorandum of a subsequent day. The only question is, whether the defendant can take advantage of this fault on a general demurrer. In *Venables* v. *Daffe*,[†] there was a general memorandum, and the defendant moved in arrest of judgment, because, the cause of action arose after the commencement of the term, and the judgment was arrested. Now, it is a general principle, that whatever is sufficient to arrest judgment, would, on a general demurrer, be sufficient to overturn the action.[‡] In the case of *Lowry* v. *Lawrence*,[§] though decided on a special demurrer, the court considered the objection as substantial and fatal. It is an established rule, that the plaintiff must state a cause of action, anterior to the commencement of his suit. This is essential, and the want of it will be fatal on a general demurrer.

*Van Wyck*, contra, contended, that the objection was merely formal, and that the defendant could only take advantage of it, on a special demurrer.

*Per Curiam.* It is settled, that the suing out of the writ is the commencement of the suit, (1 *Caines*, 69.)[¶] and by the record in the present case, it appears, that the action must have been commenced as early as the second *Monday* in *November* term, 1803, and that the cause of action did not arise until the 18th of *November*, in the same term. The action appears, therefore, to have been commenced before the cause of action accrued. (1 *Tidd's Prac.* 368.) Though generally, the day may not be material, yet this must always be understood with this limitation, that it be laid to be before the commencement of the suit. In *Venables* v. *Daffe*, (*Carth.* 113.) this mistake

Margin notes:
ALBANY, Feb. 1808.

Cheetham v. Lewis.

[*] 1 *Tidd*, 3d ed. 368.

[†] *Carth.* 113.

[‡] 3 *Black. Com.* 394.
[§] 1 *Caines*, 69.

[¶] See also 1 *Johnson*, 342. *Bird & others* v. *Caritat.*

was held not to be cured by verdict, and to be bad in arrest of judgment; and from the cases of *Ward* v. *Honeywood*, (*Doug.* 61.) and *Dickinson* v. *Plaisted*, (7 *Term*, 474.) it appears to be equally bad after verdict, since the statute of 4 *Anne*, c. 16. and would be ground for a writ of *error*. It is, therefore, error in substance, and may be taken notice of on a general demurrer.

Judgment for the defendant, with liberty to the plaintiff to amend his declaration, on payment of costs.