Parker, C. J.,
delivered the opinion of the Court. The argu ment of Mr. Stearns, and the authorities cited by him in support of his position, were sufficiently in point to excite doubts in our minds, whether the' replication is sufficient to let in the proof by which the defence in the plea was avoided — notwithstanding the uniform practice has been to plead in this way on such occasions.
On consulting the precedents and entries, we do not find a single instance of a special replication, or new assignment, to a plea of moderate castigavit; and we all recognize the practice of avoiding the effect of such plea by evidence of cruelty or vindictiveness in the beating, on the issue of de injuria suá, &c. Upon examining the authorities, and attending to the reason of them, we are now satisfied that the practice has been right, and is not opposed to the principles contained in the authorities which have been cited.
The general doctrine upon which the whole matter rests is hat, whenever the defendant’s plea, in an action of trespass, confesses and avoids, by justifying the whole trespass set forth m *317 the declaration, and the plaintiff would set up some new matter as the foundation of his action, he shall show that new matter specially, as in the case of Scott vs. Dixon Sf AL, cited in the argument. Where, in trespass, the defendant justifies under a license, for putting his cattle into the plaintiff’s close, the plaintiff may reply that he put them in at another time without leave, and he shall not show this in evidence under the general traverse; for, not having specified the time in his declaration, and * there being but one trespass complained of, the justification shall be held to apply to that, unless the plaintiff shows another and distinct trespass, in such manner as to give the defendant an opportunity to deny or justify it.
So, in the case of Dye vs. Leatherdale & Al., also referred to in the argument for the defendant, which was trespass for taking and carrying away a hog, and converting him, &c., the justification was, that the hog was taken damage feasant; to which the plaintiff replied specially, acknowledging the justification, and averring that the defendant afterwards converted the hog to his own use. This was held to be good pleading; because it alleged a new fact, different from that which was justified in the bar.
And in the case of Oystead vs. Shed & Al., the doctrine relied upon by the counsel for the defendant rests upon the same principle, viz., that the breaking of the outer door was a new fact, not relied upon in the declaration, except by way of aggravation; and therefore, as the trespass, as alleged in the declaration, was justified, the plaintiff, in order to take advantage of this, ought to have replied it specially. And to this effect are all the other authorities cited for the defendant.
Now, if the case before us cannot be distinguished from those which have been cited, the pleading in this case was wrong for the plaintiff’s purpose, and the whole practice of the state has been wrong. But we think it is clearly distinguishable. In the plea of moderate castigavit, the defendant must not only make out his authority, and the cause of the beating, but must also show that the beating was, in fact, moderate ; so that if, by his own evidence, it should appear that he had abused his authority, and inflicted blows unnecessary for the purpose, or cruel in the degree, the issue would fail him entirely ; and it would be of his own wrong, and without the cause set forth in his plea; and this not upon the ground of his being a trespasser ab initia, so much as because he shows no right at all to inflict any beating, in the manner and to the degree which the * evidence would prove; and he therefore falsifies his own plea.
If the plaintiff intended to rely upon another beating, different *318 in p >int of time from that which was justified in the plea, he should hay-j replied specially, and set forth such different beating; but if there were but one, as in the present case, and the answer to the justification was intended to be, that that very beating was immoderate, and therefore not justified, the general traverse is right. And so are the authorities, as will be found in Franks vs. Morris, 10 East, 81, note (a), and more at large in 1 Sound. 299, note (6), by Sergeant Williams, which were referred to in the argument of the counsel for the plaintiff.
The truth is, the plaintiff had no new cause to assign. The beating which he complained of was the same with that attempted to be justified ; and by his replication de injuria suá, &c., he denies the justification. He does not show that afterwards, viz., after the moderate chastisement averred in the plea, there was a further excessive beating; but that the beating itself, alleged to be moderate, was excessive, and so defeated the justification ; and thus, we think, the uninterrupted practice is reconcilable with the authorities.
There is an old case, reported in Siderfin, 246, and Keble, 884, which was an action for an assault and battery ; and wounding and mayhem, by breaking the arm, were alleged. Upon a plea of son assault demesne the plaintiff demurred, stating, as the ground of his demurrer, that as a heinous battery and a mayhem were alleged, the plea ought to have shown an assault sufficient to justify such a battery. But it was bolden that the plea was good; because the degree and proportion of the beating to the assault was matter of evidence. If it was not proportionable, the issue would be for the plaintiff, notwithstanding he made the first assault; otherwise, for the defendant. The same principle is applicable to the case before us. The degree and proportion between the offence and the punishment was matter of * evidence ; and being found disproportioned, the issue was rightly found for the plaintiff, notwithstanding the matter set forth in the plea, (a)

Judgment on the verdict.

 Mr. Phillips, in his excellent Treatise on the Law of Evidence, says, " It seems to be the better opinion that, when the trespass is alleged in the declaration in general terms, and it is justified in the like terms, if the defendant has inflicted a greater injury on the plaintiff than he ought to have done, the excess is properly the subject of a special replication.” — 2 Phill. 204, 7th Lond. ed. — Dale vs Wood, 7 Moore, 33.— Bowen vs Parry, 1 Car. & Payne, 394. — Franks vs. Morris, 10 Fast, 79, n —Skinrner, 387.--See Phillips vs. Howgate, 5 B. & A 220 —Cockroft vs. Smith, 2 Salk 642 — Bull. N. P. 15. — 1 Chitty, Pl. 625. — 3 Chitty, 1201, 5th Lond. ed.