* Curia, per Sutherland, J.
The court below erred in permitting the note to be given in evidence. They were clearly wrong in deciding the maker was not entitled to the three days of grace. (Chit, on Bills, Phil. ed. 1821, p. 420, 1, and notes. 4 T. R. 148, 151; 6 T. R. 123; 2 Cowen, 766.)
It is perfectly well settled, that the-issuing of the capias ad respondendum is, for all essential purposes, the commencement of the suit; and that the plaintiff’s cause of action must exist at that time. (3 John. Cas. 145; 1 Cain. 69, 72; 3 Cain. 133 ; 2 John. Rep. 346 ; 3 John. Rep. 42; 10 John. Rep. 119.)
*205 The objection could have been taken advantage of in no other way than at the trial. The caption of the declaration was of January term, 1825 ; and it contained, in the same count, two .other notes, to which the objection did not apply. The plaintiff, therefore, had a good cause of action independent of this note; and the 1 John. Gas. 893, and 2 John. Gas. 225, do not apply.(a)
The judgment must be reversed, and a venire de novo issue from the court below:
Judgment reversed.

 Qumre, whether in this state the time of issuing the writ may not be inquired of at nisi prim, either to sustain or defeat the action. In England, the doctrine of the K. B. is, that when a case comes to trial at nisi prim, the time of suing out the writ may be inquired into for the purpose óf sustaining' the action, but not for the purpose of defeating it. And where the writ issues before the cause of action accrued, the defendant moves to set the proceedings aside for irregularity. Kerr v. Dick, 2 Chit. Rep. 11. The doctrine of our cases clearly is, that for every material purpose, the issuing of the writ commences the suit. Referring this to the filing of the declaration or bill, is the merest fiction.