## KNOWLTON et al. v. CULVER et al.

1. TIME—DIVISIONS OF THE DAY.—In judicial proceedings, the law implies that acts done on the same day take place in the order necessary to give them validity and effect; but, whenever it becomes necessary to inquire into the priority of acts for the furtherance of justice and the protection of parties, the presumption must yield to the facts.

2. SAME.—In an action of replevin, where the property claimed was not severed from the freehold of the plaintiff at the time of the issuing of the writ, the precise time of the issuing of the writ—though on the same day of the severance of the property from the freehold—becomes material, and may be proved at the trial.

3. BILLS OF EXCEPTION.—Where there is no dispute about the facts, the bill should state that such and such facts were proved; but where there is a controversy as to the weight or admissibility of evidence, the evidence given or offered must be set forth at length, and where the objection is as to the weight or effect of it, the bill should state that it was all the evidence offered at the trial or on the point in question. *Edmister v. Garrison*, 18 Wis. 594.

(1 *Chand.* 214.)

ERROR to the late District Court for *La Fayette* County.
This was an action of replevin, brought by the defendants
in error against the plaintiffs in error, for taking 5,000 pounds
of lead ore.

On the trial, it appeared in evidence that the action was
commenced before the mineral in question was dug out of
or severed from the earth, where it was embedded, by the
defendants below, and that upon that question the presiding
judge charged the jury that they could not divide the parts
of a day so as to defeat the action ; that if the jury should
find that the suit was commenced on the day in which the act
was done, for which the suit was brought, they could not
regard the evidence which was offered to show that the suit
was commenced before the severance of the mineral from the
freehold ; and that, so far as that point in the case was con-
cerned, they must find for the plaintiffs ; that the day laid
in the declaration must be the guide, etc.

To this charge, the defendants below (the plaintiffs in error)
excepted.

Various other exceptions to the ruling of the judge were
taken, which it is unneccessary to notice, inasmuch as the
opinion of the court does not draw them in question in its
decision.

The jury found for the plaintiffs below, in accordance with
the instructions.

*J. H. Knowlton*, for plaintiffs in error.

*Culver*, for defendants in error.


HUBBELL, J.    This is an action of replevin for 5,000
pounds of lead ore.    There are several allegations of error,
of which the third is as follows :

"The court erred in charging the jury that the day could
not be divided ; and that, although this suit was commenced
a few hours before the mineral, taken on the writ of replevin,
was dug loose or severed from the earth, yet, if the jury were

Knowlton et al. vs. Culver et al.

satisfied that the said mineral was dug loose during any hour of the said 8th day of February, so as to become personal property, so far as this point was concerned, they (the jury) must find for the plaintiffs, as this was the day laid in the plaintiffs' declaration, which must be the guide ; and no fraction of a day could be inquired into for the purpose of showing that the suit was commenced before the mineral was dug loose, upon the same day ; that this was not a case in which such an inquiry could be made."

The bill of exceptions contains the following among other matters : " And upon the trial of that issue, said defendants, to maintain the issue on their part, and to defeat the said plaintiffs, gave in evidence and proved that the mineral, taken on the writ of replevin in this suit, was dug loose from the earth after three o'clock in the afternoon of the 8th day of February last, and raised to the surface and placed in a pile by eight o'clock in the forenoon of the 9th of the same month ; from which place it was replevied about noon of the said 9th. And the said defendants further proved that the said suit was commenced in the forenoon of the said 8th day of February last."

Clearly, no cause of action existed until the mineral was converted from real into personal property, by being severed from the earth. And this was not done until three o'clock in the afternoon of the 8th day of February. If, therefore, the suit was commenced in the *forenoon* of the 8th, as the bill of exceptions shows, the suit was brought, in point of time, before the cause of action arose. This, on general principles, would be a fatal error, and would be good cause for demurrer, special or general, and for reversing the judgment on writ of error. 1 Caines, 69 ; 4 Mass., 263, 11.

It is alleged, however, that the law recognizes no fractions of a day ; and the learned judge, in the court below, expressly charged the jury that this was not a case in which fractions of a day could be inquired into. In this, I think, he

erred. In general, it is true that, in computing time in respect to the service of papers, the issuing of process, the calculation of interest, the running of statutes, and many other like matters, the fractions of a day will not be considered. And in reference to the commencement of suits, in particular, it may be admitted that the precise hour or moment of issuing the process or handing it to the sheriff will not, in ordinary cases, be inquired into. *Prima facie*, the presumption of law is that the several acts or steps in the course of a legal proceeding take place in the order necessary to give them legal effect. But, whenever an inquiry into the priority of acts, on the same day, becomes necessary in order to protect the rights of parties, the ordinary presumption must give way to the facts of the case. 4 Wash. C. C. 232 ; 8 Greenl. 207.

This is not properly dividing a day, or taking notice of parts of a day ; it is simply taking notice of time, and giving effect to particular acts according to their actual occurrence. The books abound in examples of this sort. The precise times of entering judgments, recording deeds, serving attachments, levying under executions, and issuing policies of insurance, are always deemed proper subjects of inquiry when the rights of parties are affected by the priority of the acts.

My attention has been called to the case of *Badger v. Phinney*, 15 Mass. 346, as an authority showing that courts will presume acts to have occurred at such hour of the day as may be necessary to give validity to the proceeding or to effectuate purposes intended. For the prevention of wrong, in extreme cases, such presumptions have been indulged. A similar ruling prevailed in *Clute v. Clute*, 3 Denio, 263. But these cases must be regarded as exceptions to the general rule, *ex debito justitiæ ;* and while they sufficiently establish the fact that fractions of a day, or, rather, points of time, may be the subject of judicial notice, they show that, had justice required it, the ruling would have been different. In the present case, the writ of replevin must have been procured

by an affidavit of the plaintiffs, setting forth their right to the mineral afterwards replevied. But, in point of fact, the mineral was not severed from the freehold at the time the writ issued. Aside from the practical absurdity involved in the assumption that the affidavit can have been properly made, there is nothing in the whole case presented to the court which should induce a straining of the rule of law to give validity to the writ.

I have looked into the two other questions raised in the assignment of errors, to wit: whether the mineral taken was the proper subject of replevin, and whether the interest of McCluskin was fatal to the plaintiffs' action; and I find in them no strong ground of justice which varies my views of the point already decided, and as this point is fatal to the plaintiffs' suit, I need not enter upon a discussion of those questions. It was urged in argument that the bill of exceptions was defective in not stating that it contained all the evidence on the points in controversy, or in not setting forth, in fact, all the testimony given on the trial. The general rule in regard to bills of exceptions is this: Where there is no dispute about the facts proved, the bill should state that such facts were proved on the trial; and that is the form of the present bill. In that respect, it is correct in form and sufficient in substance, saving the court much trouble and time in examining the details to arrive at the admitted conclusion. Where, however, there is a controversy as to the weight, effect or admissibility of evidence, the bill should set forth the evidence given or offered at length, and should aver that it was all the evidence given or offered at the trial, or on the point in question.

On the whole, I am satisfied that there was error in the instructions of the court below, and the judgment must be reversed, with costs.

Judgment reversed.