## CURRY & GROCE *vs.* SHRADER & WIFE.

1. To charge the husband, under the act of 1846, with the debts of his wife contracted *dum sola*, it must be shown that he has received property in right of his wife before the commencement of the suit; and a recovery can only be had against him to the amount of the property so received before the commencement of the suit.

2. What is the creditor's remedy to obtain a judicial recognition of his debt contracted by the wife *dum sola*, when the husband has not received any property in right of his wife—QUERE?

ERROR to the Circuit Court of Shelby. Tried before the Hon. Geo. D. Shortridge.

WHITE & PARSONS, for plaintiffs in error.

WOODWARD, *contra*.

DARGAN, C. J.—This suit is against husband and wife, upon a note made by the wife whilst *sole*. Upon the trial, it appeared that some time after the suit was commenced, the husband had received in right of his wife money and notes to an amount greater than the debt sued for, but at the commencement of the suit had received nothing. At common law the husband became liable for the debts of the wife, contracted before the marriage, whether she brought to him property or not. The marriage alone bound the husband, during the coverture, to the payment of her debts. But by an act of our Legislature passed in the year 1846, it is provided, "That the property of the wife at the time of the marriage, or which she may receive by descent, bequest or gift, shall not be subject to the debts or liabilities of the husband contracted or incurred before the marriage; nor shall the husband be liable to pay the ante-nuptial contracts or liabilities of the wife, further than the property received by the wife; but such property received by the wife, shall be liable to her debts, notwithstanding the termination of the coverture." See Pamph. Acts of 1845-6, p. 24, § 6.

Under the influence of this statute, it is clear that to charge the husband with the debts of the wife, contracted before the marriage, it must appear that he has received property or effects in right of his wife sufficient to pay them; and he cannot be charged with the debts of his wife contracted *dum sola*, beyond

the value of the property he has received by her. As it is his receipt of property in right of his wife that renders the husband liable for the ante-nuptial debts of the wife, it follows that no cause of action accrues against him until he has received property by, or in the right of his wife; for it is the receipt of property by virtue of the marriage, and not the marriage itself, that fixes the husband's liability. The writ in this case was sued out and served upon the husband before he had received any property or effects in right of his wife, and consequently as to him was commenced before the cause of action accrued. Had this defect been apparent upon the record, the husband could have demurred, moved in arrest of judgment or reversed it on error.—Waring v. Yates, 10 Johns. 124; Cheetham v. Lewis, 3 Johns. 42; Roud v. Griffith, 11 S. & R. 130. But as it was brought to light for the first time by the evidence, it could only be taken advantage of upon the trial.—Hogan v. Cuyler, 8 Cow. 203. Indeed, it is perfectly clear, that a suit cannot be sustained by proof showing that the plaintiff has acquired a cause of action against the defendant since the commencement of the suit against him. The Circuit Court, therefore, erred in charging the jury that the plaintiffs were entitled to recover, if they believed from the evidence that the husband had received property by his wife, *before or after* the commencement of the suit, equal in value to the debt sued for.

But it is contended that the marriage does not extinguish the liability of the wife, and there is no mode of obtaining a judgment at law against her, except it be jointly against her and husband. We see the difficulty arising out of the statute, presented by this view, and feel the necessity of adopting some mode, or of laying down some rule, by which a creditor may obtain a judicial recognition of a debt against a married woman, when the husband is not liable for its payment. But it is not and will not be necessary in this case to decide the question, or prescribe the remedy that must be adopted in such cases. It may, however, be observed, that the remedy must be either against her alone at law, or a bill in equity must be filed, on the ground that there is a legal right, but no legal remedy to enforce it. The latter course, in my judgment, is the proper remedy; but as it is not necessary to decide the point, the court prefers that it should remain an open question, until it becomes indispensably necessary to decide it.

Let the judgment be reversed and the cause remanded.