Maynard v. Talcott.

[ORLEANS GENERAL TERM, February 9, 1852. *Taggart, Marvin* and *Hoyt,* Justices.]

---

## MAYNARD vs. TALCOTT.

A demurrer to a complaint will not lie, on the ground that the complaint does not aver or show that the debt for which the action was brought had become due at the time of the commencement of the action.

Where it does not affirmatively appear that the suit was commenced before the cause of action accrued, the court will not intend that it was, for the purpose of supporting a demurrer to the complaint.

If the court is to presume either way, the presumption should be that the debt sued on was due before the commencement of the action.

THE question in this case arose upon a demurrer to the complaint. The action was upon a promissory note bearing date the 16th of January, 1850, payable six months after date. The only cause of demurrer relied upon was that it was not averred and did not appear in and by the complaint that the note had become due at the time of the commencement of the action. There was no statement in the complaint of the time of the commencement of the action, or that the note had become due before the suit was commenced ; and the complaint was not dated.

*P. C. Whiting*, for the plaintiff.

*J. L. Talcott*, for the defendant.

*By the Court,* HOYT, J. Under the former system of pleading it was held that a declaration entitled of the term generally related to the first day of term; and where issue was joined upon it, and it appeared upon the trial that the plaintiff's cause of action did not become due until after the first day of term, the plaintiff was permitted to show, by evidence, the actual time of the commencement of the suit to be different from that which it purported to be, by the record. (*Lester* v. *Jenkins,* 8 *Barn. & Cress.* 239. *Granger* v. *George,* 5 *Id.* 149. *Milton* v. *Gilderstone,* 5 *Barn. & Ald.* 847. *Morris* v. *Pugh,* 3 *Burr.* 1241.) Where it appeared upon the face of the declaration that the cause of action did not become due until after the commencement of the suit, as it appeared by the title of the declaration, it was held to be a good cause of demurrer. (3 *John.* 42. *Lowry* v. *Lawrence,* 1 *Caines,* 69. *Waring* v. *Yates,* 10 *John.* 119.) But it was also held that a demurrer would not lie for such cause, unless it appeared affirmatively upon the face of the declaration that the cause of action was not due when the suit was commenced. (*Pugh* v. *Robinson,* 1 *T. R.* 116. *Owen* v. *Waters,* 2 *Mees. & W.* 91. *Gurney* v. *Hill,* 2 *Dowl. N. S.* 936. *Granger* v. *Dacre,* 12 *Mees. & W.* 431.) The principles settled by these cases was fully recognized in 1 *Ch. Pl.* 262, 265, 267, 268. In *Pugh* v. *Robinson,* the declaration was entitled generally of Michaelmas term, the first day of which was the 7th of November, and the promise and breach were alledged to have taken place on that day. The defendant demurred specially that the declaration, by the entitling, appeared to have been delivered before the cause of action accrued. The court said that they must resort to the old practice of declaring *ore tenus ;* and by referring to that, they found that the declaration could not be delivered until the actual sitting of the court, and then it was as *probable* that the promise and breach occurred before the

Maynard *v.* Talcott.

declaration as afterwards; and they would not intend that they occurred afterwards, for the purpose of upholding the demurrer.

The declaration under the former practice, when the suit was commenced by *capias ad respondendum*, did not necessarily show that the cause of action accrued before the commencement of the suit. The practice required the declaration in such case to be entitled of the term at which the writ was returnable, and it was sufficient to prevent a demurrer to alledge that the cause .of action accrued on the day previous to that stated in the title; still for any thing that appeared upon the declaration, the writ may have been issued and served months before. This was because it did not affirmatively appear that the suit was commenced before the cause of action accrued.

So in the case under consideration, it does not affirmatively appear that the action was commenced before the cause of action accrued, and we should not intend that it was, for the purpose of supporting the demurrer. We can see that the debt was long since due, and if we are to presume either way, I think the presumption should be that it was due before the commencement of the action. It has been suggested that the complaint should at least be dated, but that would not show the time of the commencement of the action, because the summons may have been issued and served long before the complaint is made or delivered. It has also been suggested that § 142 of the code of procedure requires that the complaint shall contain a plain and concise statement of the facts constituting a cause of action. This is precisely what was always required to be stated in a declaration. But as has been seen, it was not required that the declaration should state the time when the suit was commenced, and it is not required in a complaint. No injury can accrue to the defendant by its omission; because if the action was in fact commenced before the cause of action became due, that may be shown on the trial, and it will be a good defense.

The plaintiff must have judgment, with leave to the defendant to withdraw his demurrer and answer, on payment of costs.

[Orleans General Term, February 9, 1852. *Taggart, Marvin* and *Hoyt,* Justices.]