Johnson, Ch. J.
Neither the summons nor complaint show when the action was commenced. The sheriff ’s certificate of the service of the summons is evidence of the fact and. of the time when the service was made, but it is not a part of the record before the court upon demurrer. Indeed, it is not a necessary part of the record of judgment in any case where the defendant has answered the complaint {Code, §§ 281, 246), either by answer or demurrer. Under the former system of pleading, the declaration was always entitled of a term or *272 as of' some particular day, and if from the declaration it appeared that the cause of action had not then accrued, it was good ground of demurrer. (Maynard v. Talcott, 11 Barb., 569.) But as no such title is now necessary a demurrer is not the mode of raising a question of that sort. If such an objection exists in any case, it should be brought up by answer, and then it will be available to the party on the trial if the fact be made out.
The bond in this case is dated May 10, 1853, and is conditioned to be void if the obligor pay the sum therein mentioned “in two years from the first day of April [then] last, with annual interest.” The demurrer was tried June 12th, 1854. If, therefore, anything was due at that time on the bond, the plaintiff was entitled to judgment. The precise amount due was not brought in question by the demurrer; that only presents the inquiry whether anything was due. Mow, whether interest was to be computed from May 10, 1853, or from the first day of April, 1853, it is quite clear that the requirement of annual interest could not be satisfied by the payment of principal and interest, when the principal should become due. The obvious import of the language employed is that an annual payment of interest is to take place, and whether that became due on the 1st of April, or the 10th of May, 1854, is immaterial, as the case is here presented.
The judgment at general term should, therefore, be affirmed.
All the judges concurring,
Judgment affirmed.