## BARNES & DRAKE v. GIBBS ET AL.

1. Parties having a judgment in another state, legally rendered by a court of common law jurisdiction, cannot maintain an action in this state on the original debt or cause of action.
2. The effect of a common law judgment is practically to destroy, so long as it exists, the grounds upon which it rests.
3. The plaintiffs brought suit in the Supreme Court of the state of New York, to recover a debt claimed to be due from the defendants, and afterwards brought suit in the Circuit Court of Essex county, in this state, against the defendants, for the same cause of action; pending

* *Rev., p.* 588, §§ 15, 16.

which last suit the plaintiffs obtained a judgment in the state of New York; this judgment operates as a merger of the original debt, and may be pleaded in bar of the suit brought in this state.

4. The action being in *assumpsit*, the writ and pleadings cannot be amended so as to transform the action from *assumpsit* to debt, and permit the judgment to become the foundation of the suit.

In *assumpsit*.   On demurrer to plea.

This was a case certified upon the following facts: On 12th July, 1864, the plaintiffs sued the defendants in the Supreme Court of New York, for certain moneys which it was alleged they had collected. Judgment was entered in that suit in favor of the plaintiffs, on 24th January, 1865. After the commencement of the suit in New York, and before the rendition of the judgment therein, *viz.*, on the 20th October, 1864, the plaintiffs brought suit against the defendants for the same debt in the Circuit Court of the county of Essex. The defendants, in this latter action, pleaded in bar the judgment in New York, and to this plea the plaintiffs demurred.

.   The demurrer was argued by *Parker & Keasbey*, for the plaintiffs, and *J. W. Taylor* and *T. N. McCarter*, for defendants.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The principal question upon which this court is asked in this case for its advisory opinion is, whether the judgment rendered by the Supreme Court of New York occasions a merger of the original cause of action.

Mr. Justice Elmer, in the case of *Moulin* v. *Insurance Company*, 4 *Zab.* 230, remarks that "in *Mills* v. *Duryee*, 7 *Cranch* 481, a majority of the judges seem to have understood that a judgment of a superior court of one of the states, when an action was brought upon it in another state, would be *in all respects of the same effect* as a judgment of a court in the state where the action was brought." That such will be the effect of a judgment rendered by a court having jurisdiction in the premises, conferred by legislative

Barnes & Drake v. Gibbs et al.

authority upon principles consistent with international law, cannot now be considered an open question. Indeed, so completely does the discussion of this doctrine appear to me to be exhausted, and the doctrine itself to be so authoritatively established, that I do not deem it necessary to refer to the decisions pertaining to the topic, much less to review the ground on which these decisions rest. It is fit, however, to remark that besides the expression of judicial opinion in this state above referred to, a similar view of this subject was evidently entertained by Chief Justice Ewing and the present Chancellor. *Gulick* v. *Loder*, 1 *Green* 70; *Gilman* v. *Lewis*, 4 *Zab.* 246.

If, then, the judgment of a state court, having a jurisdiction legitimately conferred upon it, has, in another state, the same effect, in all respects, which it would possess in the state in which the action was brought, it seems necessarily to result, that in the absence of all allegation of the existence of a different rule of law in the state where the judgment was rendered, the inference must be that the original cause of action is merged. The effect of a judgment at common law is practically to destroy, so long as it exists, the ground upon which it rests. This is one of its essential qualities, as much as is its capacity to conclude with regard to the fact which it adjudges. To deny it this efficacy, is to deny that it is a judgment in any sense which will accord with legal principles. And in fact the doctrine of merger arises out of the quality of a judgment, which renders it conclusive upon the parties as to the questions which it involves. Theoretically, the original matter, which was open to controversy, is considered merged, because it is definitively settled by the judgment. Regarding, then, the judgment of the extra territorial court as final, it is a necessary consequence to regard the original cause of action as merged, because if the plaintiff sue on the original cause of action, it is treating it, although judicially settled, as open to controversy. In addition to this, it may be remarked, that the opposite doctrine would introduce confusion and uncertainty

in the practical application of the principles of law which belong to the subject. To hold that the judgments rendered in other states are not, with regard to their effect, complete common law judgments, would be to place the subject in an indefinite and mutilated condition. For if such judgment will not merge the original cause of action, who can tell what qualities are possessed by it?

Nor does there seem to be much weight in the argument, *ab inconvenienti*, which was pressed upon the attention of the court. It is true that meritorious creditors might sometimes find it to their advantage, to pursue their debtors with simultaneous suits in two or more states. But even in such cases it cannot escape observation, that the course suggested as beneficial to the creditor savors something of harshness, if not oppression to the debtor. Practically, he is vexed twice or oftener for the same cause. And on the other hand, when the claim sued on is unfounded and a just defence exists, the right to institute co-existent suits in different jurisdictions, founded in the same subject, becomes an instrument of oppression, which it would be, by no means, prudent to place within the reach of rapacity or vindictiveness. The maxims of common justice seem to require, that the judgment should be considered as conclusive, both in favor of as well as against the debtor. But on this topic also, I think the adjudications already rendered have occupied the entire field of discussion. *Andrews* v. *Montgomery*, 19 *Johns.* 162; *Bexley* v. *Linah*, 4 *Harris* 241; *Green* v. *Sarmiento*, 3 *Wash. C. C. R.* 17; *Bank of U. S.* v. *Merchants Bank*, 7 *Gill* 415; *Bank of North Am.* v. *Wheeler*, 28 *Conn.* 433.

The case certified calls for the opinion of this court on a second point, *viz.*, whether, upon the assumption of a merger having taken place, the writ and pleadings in this case can be so amended, as to transform the action from *assumpsit* to debt, and to permit the judgment obtained in New York to become the foundation of the suit?

Allowing the utmost amplitude to the power of this court to alter forms and correct errors, the present application

seems to be much beyond the scope of such power. It is obvious the proposition is not to amend defects, but to substitute one cause of action for another. Besides, even if the court should permit the proposed commutation to be made, it would not avail the plaintiffs, because the ground of action sought to be substituted has arisen since the commencement of this suit. No record could be framed which would support a judgment, exhibiting a cause of action accruing to the plaintiff after the purchase of his writ. Such defect would be pleadable in abatement, or at the trial the plaintiffs could be non-suited, or if it was disclosed in the declaration the defendants might demur, or move in arrest of judgment or assign it for error. *Rhodes* v. *Gibbs*, 5 *Esp.* 163; *Hay* v. *Kitchen*, 1 *Wils.* 171; *Pugh* v. *Robinson*, 1 *T. R.* 116; *Egles* v. *Vail*, *Cro. Jac.* 69; *Cheetham* v. *Lewis*, 3 *Johns.* 42.

In my opinion the Circuit Court should be advised that the plea demurred to should be sustained, and that the amendment proposed ought not to be allowed.