3] JANUARY TERM, 1928. 509

Cady Land Co. v. Philadelphia F. & M. Ins. Co. 195 Wis. 509.

CADY LAND COMPANY, Respondent, vs. PHILADELPHIA
FIRE & MARINE INSURANCE COMPANY, Appellant.
CADY LAND COMPANY, Respondent, vs. PROVIDENCE
WASHINGTON INSURANCE COMPANY, Appellant.

*March 8—April 3, 1928.*

*Insurance: Appraisal after fire loss: Appointment of umpire: No-
tice to opposite party: Time: When fractions of a day will be
considered: Judges: Exhaustion of power by signing order:
Re-signing upon notice to interested parties.*

1. Though, as a general rule, fractions of a day will not be con-
   sidered in determining priority of acts, yet where such ques-
   tion requires consideration of the precise hour or moment of
   a day, such division of time is a proper subject of inquiry;
   and when two different judges on the same day, on the appli-
   cation of different parties, each appoint an umpire to deter-
   mine the amount of a fire loss, the earlier of the appointments
   will prevail if otherwise regular. p. 513.
2. An order of a municipal court, on application of the insured,
   appointing an umpire pursuant to the standard policy form in
   accordance with sec. 203.01, Stats., on the inability of the ap-
   praisers to agree upon a selection, being made on notice to
   the insurers and after the statutory fifteen-day limitation, is
   valid whether notice and an opportunity to be heard was an
   implied condition of the policy, or if notice was not expressly
   provided for in the policy. pp. 513, 514.
3. Where such order of the municipal judge was signed after an
   earlier order on the same subject had been signed by him, the
   power of appointment was not exhausted by the first order.
   p. 514.
4. An appraiser appointed by the insured pursuant to a standard
   policy did not disqualify himself from further acting because
   of his refusal to act with the insurers' appraiser and an um-
   pire not properly appointed. p. 514.
5. Interest on the amount of a fire loss was properly allowed as
   of the date when a copy of the appraisal by one appraiser
   and the umpire was received by the adjusting agent for the
   insurers. p. 514.
6. Where the insurers did not attack the award for fraud or gross
   mistake by answer, but suggested merely, at the close of the
   trial, that the award might be attacked on such ground, no
   such issue was involved. p. 514.

APPEALS from two judgments of the circuit court for Brown county: A. H. REID, Judge. *Affirmed.*

*Cady Land Company,* plaintiff, brought these two actions May 24, 1927, against the several defendants to recover under policies for loss of rentals by the burning of its building on December 31, 1926. The two actions were tried together on October 31st, defendants appealing from judgments of November 4, 1927.

*Thomas H. Gill* of Milwaukee, for the appellants.

*Victor I. Minahan* of Green Bay, for the respondent.

ESCHWEILER, J. The parties were unable to agree upon the amount of loss. Thereupon, pursuant to policy provisions, the defendant companies each demanded an appraisal and appointed one Brockman as their appraiser on March 23d, the plaintiff appointing one Shober on March 25th. These two met on April 2d and neither then nor thereafter agreed upon a selection of a third person to act as umpire such as is provided for in the policies. On April 11th, on application of the insured, the judge of the municipal court at Green Bay appointed one Taylor as umpire, by an order signed one second after that day commenced and following midnight of April 10th. On the application of the insurers an order was made by a circuit judge of Milwaukee county appointing one Immel as such umpire two minutes before noon of the same day. No prior notice was given of either of such applications. After noon of April 11th telegraphic notice was given by defendants to the insured of the Milwaukee appointment. This was answered the same day by plaintiff rejecting the Milwaukee appointment and notifying the insurers of the prior appointment at Green Bay. On April 12th the order at Green Bay was re-signed by the same judge. On April 14th Brockman, Shober, and Immel met, but Shober refused to act with Immel as umpire. Thereafter Brockman and Immel made an award appraising the loss at $4,931.51, for which amount defendants thereafter

tendered judgment. On April 19th Taylor was again appointed at Green Bay by a re-signing of the former order at the same early hour and again at 9 o'clock in the forenoon, with a provision in that order that the defendants should be notified of an opportunity to be heard before the municipal court at Green Bay at a certain hour on the 22d upon any objections they might have to the appointment of Taylor. The award by Brockman and Immel was dated April 19th and mailed on the 20th to the plaintiff and received by it on the 21st.

On April 22d, no appearance being made by the defendants at the designated time and place, Taylor was again appointed and notice of such appointment sent on that day to the adjustment company representing the defendants.

On April 26th, by telegram to the adjustment company, notice was given of a meeting proposed to be had by Shober and Taylor and requesting the appearance of the defendants' appraiser or representative. None such appeared and Shober and Taylor awarded $20,082 (the limitation in each policy being $10,000). This award was dated May 14th and copies thereof then sent to the adjustment company.

Upon the trial, under the pleadings and proceedings the issue presented was as to which of the two awards, if either, was valid. This depended upon which of the umpires, Immel at the request of the insurers at Milwaukee, or Taylor at the instance of the insured at Green Bay, was properly appointed.

The clause of the standard policy forms used, pursuant to sec. 203.01, Stats. (being lines 159 to 173 of the standard form), reads as follows:

"In case the insured and this company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this

company, such umpire shall be selected by a judge of a court of record in the state in which the property insured is located. The appraisers shall then appraise the loss and damage, stating separately sound value and loss or damage to each item; and failing to agree, shall submit their differences only, to the umpire. An award in writing, so itemized, of any two, when filed with this company shall determine the amount of sound value and loss or damage."

This provision does not by its language require that prior notice shall be given of the intention by either party to apply for the appointment of an umpire in case of failure by the two appraisers to agree. Neither does it specifically determine the exact time for the beginning of the fifteen days mentioned therein as the period within which the selected appraisers shall so agree.

These features of the arbitration clause became of the form above quoted by ch. 127 of the Laws of 1917. Prior thereto former sec. 1941—56 as it had stood since the adoption of the standard form provided that if after five days the two appraisers cannot agree upon an umpire, the presiding judge of the circuit court of the county wherein the loss occurred may appoint such umpire upon written application of either party and the giving of five days' written notice. This provision has again been amended by ch. 267 of the Laws of 1927, creating sec. 203.045 (2), providing, as before, that in default of choice of an umpire by the appraisers, then application may be made to the circuit court of the county where the property insured was located at the time of the fire and on five days' notice. By sec. 2 of that same chapter 267 it is provided that such act shall not be interpreted as a legislative declaration that no such notice was required under the law now before us.

The several questions here presented were, among others, these: From what time must the computation be made to give the right to apply for the appointment of an umpire,

the appraisers failing for fifteen days to agree upon such umpire,—from the date of the appointment of the appraisers by the insurers; by the insured; or when the two first met; was notice of and opportunity to be heard, essential for a valid appointment?

The insurance companies here must stand or fall upon the one appointment made by a circuit judge of Milwaukee county on April 11th, for no other or subsequent appointment was made on their application.

In view of the fact that the above quoted policy provision is substantially changed by the amendment in 1927, *supra,* we deem it unnecessary now to discuss at any length these questions.

If prior notice was required of application and appointments to be heard are, one or both, conditions precedent to the validity of an appointment by a judge, then neither the Green Bay appointment of Taylor nor that in Milwaukee of Immel on April 11th can be upheld. If, however, such were not necessary, the Green Bay appointment on April 11th of Taylor preceded in point of actual time that of Immel at Milwaukee. For while it is true, as contended by defendants, the general rule is that fractions of a day will not be considered (*Knowlton v. Culver,* 2 Pin. 243, 246), yet as there held, and so in many other cases not necessary to be here cited, where a question as to priority of acts requires a consideration of the precise hour or moment of a day, such division of time is a proper subject of inquiry.

We are satisfied that the trial court was correct in holding that the final order made at Green Bay on the forenoon of April 22d, after notice had been given the insurers that they might at such time be heard to object to such appointment, and made at a date which, under any construction of the provision here involved, was, without question, beyond the fifteen-day limitation, was valid. This result must be

reached whether the common-law doctrine of notice and opportunity to be heard concerning action to be taken by judicial officers was an implied condition of the above quoted policy provision, as was so held by the trial court, or whether such notice was not necessary, because not expressly provided.

A further objection urged, to the effect that the first appointment at Green Bay at the early hour on April 11th exhausted the alleged purely ministerial power of the judge of the municipal court, we do not consider tenable; and the same is true as to appellant's suggestion that Shober, the insured's appraiser, had disqualified himself from further acting by once refusing to act with defendants' appraiser Brockman, and Immel as umpire, because Shober had no authority to pass upon the question as to the legality of Immel's appointment. The objections that Shober could not thereafter lawfully act with Taylor, or that the two could not make the award confirmed by the trial court, must also be disregarded.

Complaint is also made as to the time from which interest on the amount of the loss should be computed having been fixed by the trial court as of May 16, 1927, the time when the copy of the appraisal made by Shober and Taylor was received by the adjusting agent for the defendants. We find no substantial error in this regard.

It is finally contended that there is a possible issue to be determined here, or in the court below, although not directly pleaded by the answer but suggested merely at the close of the trial by defendants' counsel, viz. that the defendants may or can attack the award for fraud or gross mistake. We must hold that no such issue is in these cases.

*By the Court.*—Both judgments are affirmed.