Ruddick v. Marshall.

23   243
135  289

## RUDDICK v. MARSHALL.

1. Pleading: ACTION BY JUNIOR MORTGAGEE. In an action by a junior mortgagee to recover of the mortgagor the amount adjudged in a prior proceeding to foreclose such junior mortgage, to be the equitable proportion due on a senior mortgage covering a portion of the same premises, and which the plaintiff afterward paid to the holder of the senior mortgage under section 3665 of the Revision, it is not necessary under section 2920, to set out with the petition the decree or record in the foreclosure suit.

2. Demurrer: EXHIBITS. Filing an exhibit with a demurrer, raises no grounds therefor not existing in the pleading demurred to.

*Appeal from Lee District Court.*

WEDNESDAY, JULY 31.

MORTGAGE: RIGHTS OF JUNIOR MORTGAGEE TO ASSIGNMENT OF PRIOR MORTGAGE: PRACTICE, ETC.: DEMURRER TO PETITION. — The plaintiffs rest their right to a recovery upon section 3665 of the Revision. A demurrer to the original petition was sustained and no question arises thereon. The second count of amended petition was dismissed before judgment, and there is no question upon it. The defendants demurred to the first count of the amended petition, which, in substance, averred as follows: That plaintiffs were the owners of a junior mortgage upon certain premises, and brought suit to foreclose the same; that the defendants herein, the Messrs. Marshall, had executed a mortgage upon the same property, or property included in plaintiffs' mortgage; that in plaintiffs' action to foreclose their mortgage, one Patterson, the owner of said prior mortgage, filed his cross-bill to foreclose it; that the court found that the parcel of land in the plaintiffs' mortgage was bound as security to said Patterson for $286.30, and the same was a lien thereon prior to the plaintiffs'. Plaintiffs further averred that the Patterson mortgage was a prior lien, and the above amount the equitable proportion due Patterson as secured by said parcel; that plaintiffs paid Patterson the amount and became his assignees, and entitled to recover the said amount, of the defendants S. T. & G. M. Marshall; that on the foreclosure decree in plaintiffs' favor on their mortgage, the property did not sell for enough to pay the debt due thereunder and secured thereby. Wherefore judgment is prayed, etc.

The Marshalls demurred, and their demurrer was overruled. An additional demurrer was also overruled and

defendants excepted. Judgment was rendered for plaintiffs, and defendants excepted and appeal.

*Mooar & Knowles* for the appellants.

*Robert H. Gillmore* for the appellees.

DILLON, J. — We can only notice the points set down in the demurrer. The first ground is based upon the

**1. PLEADING: action by junior mortgagee.** idea that the action was for a breach of covenant, and made the point that the petition was defective in not showing title to the land in the plaintiff. The action was not of this character and the demurrer misconceived it. The second point in the demurrer is, that the record of the plaintiffs' foreclosure suit is the foundation of the plaintiffs' action, and it or a copy is necessary to be set out in or filed with the petition in the present case. This point was also properly overruled. The plaintiffs' did not base their right to recover upon that record.

At least, such record was not the foundation of the action within the meaning of section 2920. They based their action upon section 3665 of the Revision. Under this section, the allegations show a cause of action, without basing the right to recover upon the decree or record referred to.

The demurrer containing only the above two points being overruled, the defendants filed an additional ground

**2. DEMURRER: exhibits.** of demurrer, stating therein, that "the defendants make said record (the one above alluded to) a part of this demurrer and file the same as exhibit A."

This additional ground was based upon matters claimed to be shown by the record thus exhibited. Filing an exhibit with a demurrer is indeed a novel practice, and

counsel can hardly be serious in arguing that we can properly consider any question thus raised. The books refer to *speaking* demurrers. The one in question is without precedent, unless it falls within the class just named.

Affirmed.