## BONNIFIELD *v.* PRICE.

DEMURRER.—Where a petition upon its face shows that the claim upon which the action is brought is barred by the statute of limitations, or that a plea of that statute may be successfully interposed, a demurrer to the petition on that ground should be sustained.

IDEM.—Where a demurrer is sustained or overruled, it lies solely in the discretion of the court whether or not to permit either party to amend his pleadings.

ERROR to the First District Court for Laramie County.

The opinion of the court contains a full statement of the facts in this case.

*E. P. Johnson,* for plaintiff in error.

It is contended that the court erred in sustaining the demurrer for two reasons: 1. Because the defense of limitation cannot be set up by demurrer; 2. Because the petition did not show on its face that the action was barred.

I. It has long been settled by almost universal practice that the defense must be pleaded specially or it is waived: Angel on Lim. In some states where codes prevail, it has been held demurrer would lie unless it appears upon the face of the petition that the action is barred, but the reason given is that such was the English chancery practice, and the code practice comes nearer that than any other, and the chancery rule was accordingly adopted: 2 Cal. Digest, 99; 8 Ohio St. 215, 423. But it is obvious that inasmuch as the chancery and law practice are not merged but remain separate in this territory, that reasoning does not apply to us. But aside from the inconvenience of placing ourselves in an anomalous position as regards the practice or the authority of other states, whose reasons for the same do not apply to us, it is submitted that this court is bound by the law as expounded by its appellate court. The supreme court of the United States, acting on cases that come up from states, acts with reference to the construction of state statutes, as an inferior court, by simply adopting the construction of the

state courts. But its relation to the territories is that of a supreme court, vested with authority to expound the law, and its decisions are not only to be respected by the territorial courts, but they are bound by its judgments. So far as that court is authority, the rule that this defense must be pleaded is maintained: 17 Wall. 168. But, in the second place, should it be held to be correct that demurrer will lie to a petition showing upon its face the bar of the statute, it would still be error in this case to entertain the demurrer, for the reason that the defense does not appear upon its face, and is only made to appear, if at all, by the introduction of evidence, to wit, the laws of California, of which the court could take no judicial notice. It appears from the face of the petition, that judgment was rendered in California, upon which suit was brought. There is no allegation that any of the parties are or ever have been residents of Wyoming, and in the absence of such allegation, the presumption is that all are residents of California. Our statute does not run in favor of persons out of the territory. The court cannot take judicial notice of the laws of California. The authorities are all to the effect that the defense must appear on the face of the pleading to render it demurrable: 2 Cal Dig. 215; 8 Ohio St. 423; 7 Id. 229.

II. On the question of allowing plaintiff to amend after the demurrer to his petition had been sustained, counsel cites: 3 Black. 409; Powell on App. Pro. 163, 196; 1 Nash 300; 20 U. S. Dig. 649; 12 Id. p. 426, sec. 168; 9 Peters, 405.

*D. McLaughlin,* for defendant in error.

Action on a judgment of the ninth district court of the State of California. Judgment entered December 14, 1861. Suit begun in first district court of Wyoming, November, 1873, or nearly twelve years after obtaining judgment. Defendant Price appears and demurs specially to the petition. Demurrer sustained. The court was correct in sustaining the demurrer.

I. The complaint does not allege that the court that rendered the judgment, viz: the district court of the ninth judicial district of the state of California, was a court of general jurisdiction; or that for any special reason it was a court of competent jurisdiction, and had acquired control over the person of the defendant and the subject of the action. "A complaint on a judgment of a circuit court of another state must either aver the fact of the existence of a general jurisdiction in that court, or it must aver a limited jurisdiction which extended to the cause of action for which the judgment was recovered, whatever it was, and that the court had jurisdiction of the person of the defendant." Petition does not state that the judgment sued upon "was duly given or made:" *McLaughlin* v. *Nichols*, 13 Abb. Pr. Rep. 244, cited 6 Abb. N. Y. Dig. 466, n. 316; to the same purpose see 1 Abb. Pl. & Pr. 334; Voorhies' Code, 326, note 6; Seney's Code, 162; 2 Handy, 163.

II. The plaintiff's petition does not state the name of the court in which the action is pending, as required by section 92, subd. 1, Code 1869. The name of the court is "The district court of the first judicial district of the territory of Wyoming," and not the "first district court in and for Laramie county, sitting."

III. No copy of the written instrument upon which this action is founded, *i. e.*, the transcript of the judgment, is attached to and filed with the petition; nor is the reason stated in the pleading why it is not so attached and filed: See sec. 127, Code 1869. See Freeman on Judgments, and 10 Cal. Rep. 307, that a judgment of that state is both a record and a contract; that for the purpose of issuing execution it is a record, but to be used as evidence it is a contract, and the transcript is as much the written instrument as a note or bill would be.

We now come to the consideration of the statute of limitations of Wyoming territory, and to its application to the present case.

Object and purpose of the statute stated: 3 Par. Con. 61–

67, 94–98; 5 Mason C. Ct. Rep. 523; *Leffingwell* v. *Warren*, 2 Black, 599. That the statute of limitations may be interposed by demurrer when the lapse of time appears on the face of the petition: *Vide Williams* v. *First Pres. Church*, 1 Ohio, 508; *Sturges* v. *Burton*, 8 Ohio, 215; *Mason* v. *Cronise*, 20 Cal. 211, and the cases referred to in that decision; *Humbeit* v. *Trinity Church*, 24 Wend. 587. Such defenses are not to be discriminated against: *Sheldon* v. *Adams*, 41 Barb. 55.

Application of plaintiff to amend his petition by alleging that the statutes of California and of Wyoming had not run against the cause of action, which was refused by the court. That the court was right in this, see following: 1. It would be a substantial change of the cause of action, from no cause of action to a legal cause of action, and would wholly change defendant's defense; 2. The court can amend whatever is irregular, but cannot amend any of its proceedings tending to confer jurisdiction: *Hallet* v. *Righters*, 13 How. Pr. 43; also 1 Abb. Nat. Dig. 79, note 89; Id. 84, note 141; *Wright* v. *McKelligon*, Wyo., and 1 Handy, 573, 574. All going to support the ruling of the court.

In the Wisconsin railroad cases this fall, Circuit Judge Drummond resisted an application on the part of counsel for the state of Wisconsin to amend the pleadings by striking out the name of one of the railroad companies, and held the course suggested as at the best questionable. The "cause of action," if one is stated in the petition, was barred by the statute of limitations of this territory, and also by the laws of California, when this suit was begun; and this is apparent on the face of the petition: 1. The cause of action accrued more than five years before the filing of the petition, that is to say about twelve years before; and no fact is averred as a new promise to pay, or the like to obviate the running of the statute against the cause of action. 2. "When a cause of action has been fully barred by the laws of any state, territory or country, where the defendant had previously resided, such bar shall be the

same defense in this territory as though it had arisen under the provisions of this title:" Sec. 29, Code 1869.

The effect of this section of our code is to give full effect to the statutes of limitation of the state of California within this territory, in their operation on the judgment, alleged as the cause of action in this case. This must be admitted, as the intention of the law-makers is clear enough. The law of that state limits the period to actions on judgments to five years after entry: Hittel's Laws Cal. para. 4359, 5149; also Parker's Laws Cal. para. 9129; *Mason* v. *Cronise*, 20 Cal. 211; *Bowers* v. *Crary*, 30 Cal. 621; *Mann* v. *McAtee*, 37 Cal. 11. These authorities are sufficient to show that the judgment sued on was not only barred by the statutes of limitation of the state of California, after the fourteenth day of December, 1866, but that it became defunct and was dead, and beyond the reach even of a new promise to revive. "Every process which may be required to completely enforce a judgment, must be taken out within five years after entry:" *Bowers* v. *Crary*, 30 Cal. 621.

By the Court, THOMAS, J. The petition in this cause alleges that the plaintiff, Bonnifield, did on December 14, 1861, recover judgment in the district court of the. ninth judicial district of the state of California, against the said George F. Price and one Tyson, for one thousand seven hundred and sixty-five dollars and seventy-one cents, and that the same still remains unpaid and in full force and effect. To the petition the defendant interposed a special demurrer, for the reason "that the cause of action did not accrue within five years prior to the filing of the petition;" and the sustaining of this demurrer by the district court sitting in and for Laramie county, is the principal error assigned in the petition filed in this court. While in some states the statutes especially provide that a defendant can avail himself of the statutes of limitation only by plea or answer, yet we consider the rule to be well established in this territory, and in some states with .similar laws to ours, that where

from the face of the petition it is apparent, without any further showing, that the statutes of limitation has commenced to run, that a defendant may take advantage of the same by a special demurrer.

In this case, upon the decision of the demurrer, there was no legal evidence whatever, before the court, neither could there have been as to the provisions and effect of the statutes of California. The petition showed, upon the face of it, that the claim was founded upon a foreign judgment, and that that judgment had been recovered more than five years prior to the commencement of this action. In our opinion, therefore, the district court committed no error in sustaining the said demurrer.

Another error assigned is, the refusal of the district court to allow the plaintiff to file his amended petition. We believe that, where a demurrer has either been sustained or overruled, that the question of allowing either party to amend is solely in the discretion of the court. And even were the rule fully established, which we do not consider it to be, that an appellate court may reverse a decision of a court below, solely upon the grounds of error committed by that court in a matter entirely within its discretion; we do not perceive sufficient error in this particular to interfere with that decision.

The judgment of the district court is affirmed.