NYBLADH v. HERTERIUS et al.

(Circuit Court, N. D. Illinois. February 8, 1890.)

1. ACTIONS—JOINDER—MALICIOUS PROSECUTION AND FALSE IMPRISONMENT.
    Under Rev. St. Ill. c. 110, § 22, abolishing the distinction between the forms of
    action of trespass and case, an action for false imprisonment can be joined with an
    action for malicious prosecution.

2. PLEADING—DEMURRER—OYER.
    In an action for false imprisonment and malicious prosecution, where the defend-
    ants demur to the declaration, setting up that they prayed and obtained oyer of the
    record of judgment of acquittal set out in the declaration, and that such record
    shows that the acquittal was not on the merits, but on a plea on limitation, the court
    cannot consider what purports to be a copy of the record of acquittal set out in the
    demurrer, if the record in the case at bar does not show that oyer was prayed and
    granted.

3. SAME—OYER OF RECORD.
    In Illinois oyer cannot be demanded of a record.

At Law.    Demurrer to narr.

Action by Carl A. Nybladh against C. J. E. Herterius et al. for ma-
licious prosecution and false imprisonment.

W. Davis and F. S. Murphy, for plaintiff.

Williams, Lawrence & Bancroft, for defendants.

BLODGETT, J.    The declaration in this case contains three counts:  (1)
For malicious prosecution of plaintiff; (2) for false imprisonment of plain-
tiff; (3) for malicious prosecution,—to all which plaintiff demurs gen-
erally.

The first point of demurrer insisted on by defendants is that the dec-
laration is bad for misjoinder of causes of action, it being contended that
an action for false imprisonment cannot be joined with an action for ma-
licious prosecution.    Under the common law, trespass was the usual
remedy for false imprisonment, and case the remedy for malicious pros-
ecution, and counts in these two forms of action could not be joined.
But the statute of Illinois (chapter 110, § 22) abolishes the distinction
between these two forms of action, and the supreme court of this state
has held that these two forms of action may be joined in the same suit.
Krug v. Ward, 77 Ill. 603; Barker v. Koozier, 80 Ill. 205.

Second. Defendants having prayed and obtained, as they say in their
demurrer, oyer of the record of judgment of acquittal set out in the dec-
laration, argue from such record that such judgment of acquittal was
not had upon the merits, but upon a plea of the Illinois statute of lim-
itations.    As the record in this case does not show that oyer was prayed,
and granted by the court, what purports to be a copy of the record re-
ferred to in the declaration, set out in the demurrer, cannot be so con-
sidered.    The court cannot say that what purports to be the record of
plaintiff's acquittal, set out in this demurrer, by the unauthorized act
of the defendants, is the record upon which plaintiff relies.    Aside from
this, the law seems well established in this state that oyer cannot be de-
manded of a record.    Giles v. Shaw, Breese, 219, and other cases there

cited. The court, therefore, cannot consider on this demurrer the question as to whether the plaintiff was acquitted or found not guilty of the criminal offense for which he was arrested, as set out in the declaration, under the plea of the Illinois statute of limitations. The demurrer is therefore overruled as to all the counts, and the defendants ruled to plead to the merits of the case within 20 days.