PATTERSON v. THOMPSON et al.

(Circuit Court, D. Oregon. December 3, 1898.)

No. 2,459.

1. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—STATUTE OF OREGON.
The liability of directors of a bank, under Hill's Ann. Laws Or. § 3231, which makes such directors who vote for the declaration of a dividend when the bank is insolvent "jointly and severally liable for the debts of the corporation then existing or incurred while they remain in office," is penal in its nature, and the directors are not, as to such liability, "joint contractors or united in interest," within the meaning of section 14 of such Laws, providing that an action shall be deemed commenced as to each defendant when the complaint is filed and the summons served on him or on a co-defendant, who is a joint contractor or united in interest with him; hence an action to enforce such liability is not commenced as to a particular defendant until the service of summons on him.

2. SAME—DEMURRER—FACTS APPEARING ON FACE OF COMPLAINT.
Under Hill's Ann. Laws Or. § 67, which authorizes a demurrer when it appears on the face of the complaint that the action has not been commenced within the time limited by the Code, it being further provided by section 14 that the action shall be deemed commenced when the complaint is filed and the summons served, the complaint and writ must be read together, and what appears from the two will be deemed, for the purposes of such demurrer, to appear on the face of the complaint.

On Demurrer to Complaint.

U. S. G. Marquam, for plaintiff.
Cyrus A. Dolph, for defendants.

GILBERT, Circuit Judge. Walter F. Burrell, one of the defendants, demurs to the complaint for the reason that it appears upon the face thereof that as to him the action was not commenced within the time limited by the Code of Civil Procedure of the State of Oregon. The action is brought to enforce the statutory liability which is imposed upon directors of banking corporations in cases where they have declared dividends of the funds of insolvent banks. Hill's Ann. Laws Or. § 3231. In the case of Patterson v. Thompson, 86 Fed. 85, recently decided in this court, it was held that the statutory liability is penal in its nature, and that the three-years statute of limitations applies. It is alleged in the complaint in the present case that on May 10, 1892, the plaintiff deposited $978.33 with the Portland Savings Bank, of which bank the defendants were directors, and for which sum the bank gave him a certificate of deposit payable on May 1, 1895. The complaint was filed on March 26, 1898. On that day service of the complaint and summons was made upon one of the defendants, but summons was not issued against the defendant Burrell until June 16, 1898, and was not served upon him until June 22, 1898. The Annotated Laws of Oregon (section 67) provide that a defendant may demur to the complaint when it appears upon the face thereof "that the action has not been commenced within the time limited by this Code." Section 14 provides as follows: "An action shall be deemed commenced as to each defendant when the complaint is filed and the summons served on him, or on a co-defendant who is a joint contractor or otherwise united in interest with him." It is clear that the de-

fendants in this case are not joint contractors or united in interest. Their liability is penal, and is created by a statute which declares that the directors who vote for the illegal dividend "shall be jointly and severally liable for the debts of the corporation then existing or incurred while they remain in office." Section 3231. The plaintiff contends, however, that the defendant cannot avail himself of the statute of limitations on demurrer, for the reason that it does not appear upon the face of the complaint that the action was not brought within the period limited by the statute. The complaint does show, however, the date when the cause of action accrued. It is not necessary to decide whether the action could have been commenced before the date when the deposit fell due. It is clear that upon that date, if not before, the cause of action had accrued. In order to determine the date of the commencement of an action with reference to the statute of limitations, it is necessary to know at what date the summons was served. The date appears upon the summons. It is there shown that not only was the summons not served, but that it was not issued, until after three years from May 1, 1895. The writ and the complaint must be read together, and what appears upon the complaint and the writ will, for this purpose, be deemed to appear on the face of the complaint. Lambert v. Manufacturing Co., 42 W. Va. 813, 26 S. E. 431.

The demurrer must be sustained.