# MARKS v. BOARD OF COMMISSIONERS OF UINTA COUNTY.

STATUTE OF LIMITATIONS—PLEADING—ACTION TO RECOVER BACK A TAX—PRESUMPTIONS.

1. The bar of the statute of limitations becomes available on demurrer only when the petition shows affirmatively that the statutory period had elapsed before the commencement of the action.

2. When the bar of the statute of limitations does not appear by an affirmative showing in the petition, the statute must be pleaded.

3. Where, to collect taxes for a certain year personal property is distrained and sold, and out of the surplus upon such sale the collector retains a sum claimed to be due and unpaid for taxes of a preceding year, the tax for such preceding year will be deemed to have been collected at the time such surplus was applied to such tax, within the meaning of the statute requiring an action to recover back a tax paid to be brought within one year after the tax is collected.

4. Plaintiff's petition averred that certain sheep comprising all his property in the State were all in Sweetwater County April 1, 1899, and were there returned and assessed for taxation, and the taxes duly paid; that later in the same year he removed the sheep to Uinta County, and the tax paid by him was divided between the two counties, as provided by law, and that he owed no taxes to Uinta County for that year; that in 1900 the collector of said latter county sold certain of plaintiff's wool for the taxes of that year, and February 2, 1901, remitted to plaintiff certain alleged surplus of the proceeds of said sale, notifying him that such collector had retained not only the taxes for 1900, but a certain sum for the taxes of 1899; and that plaintiff had no other knowledge or notice that the latter sum had been withheld from him; and he demanded payment thereof October 29, 1901, and brought suit for its recovery January 28, 1902. *Held,* conceding without deciding that the suit was brought for a tax, the petition did not show affirmatively that the tax had been applied and hence collected prior to February 2, 1901, when plaintiff was so notified;

and, therefore, the petition was not demurrable on the ground that it showed the bar of the statute requiring a suit to recover back a tax to be brought within one year after its collection.

5. .The property of plaintiff not having been distrained and sold for the tax of 1899, but for another purpose, no presumption arises that it was so applied, upon any theory that the money was devoted to the purpose for which the officer had obtained it.

6. Nor does any presumption arise that it was so applied, based upon the officer's duty to collect the tax, for the petition states that no such tax was due or owing.

.7. The presumption, if any, would be that the officer returned the surplus, pursuant to his duty under the statute, immediately or within a reasonable time after he had deducted the sum and applied it as stated.

[Decided July 1, 1903.]                    (72 Pac., 894.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

Action by Lewis A. Marks against the Board of County Commissioners for the County of Uinta. The material facts are stated in the opinion.

*M. E. Wilson* and *J. H. Ryckman,* for plaintiff in error.

It is the contention of the plaintiff in error that Section 4172 has no application whatever to the case at bar, for the reason that the cause of action stated in the petition is not one to recover back an illegal tax or assessment. The petition does not complain of the levy of any illegal tax or assessment. It does not complain of the collection of any such tax or assessment. The only reference that is made to the collection of a tax is in the eighth paragraph of the plaintiff's petition, wherein it is alleged that 20,000 pounds of wool belonging to the plaintiff were sold by the tax collector under a so-called distress process for the purpose of collecting the tax for the year 1900. No statement

is made in the petition that this tax of 1900 is illegal. It is further stated in the petition that the taxes for the year 1899 were fully paid, and there is no statement in the petition that this wool was sold by the tax collector for the purpose of collecting the taxes for the year 1899. A fair reading of the petition will most surely convey to the mind of the court that the cause of action complained of by the plaintiff in his petition is the wrongful conversion of $213.55. This money, as it is stated in the petition, is now in the County Treasury of the defendant, and the action which is here prosecuted is one for the money had and received. It is true that in its inception the cause of action, namely, the conversion of the money, was most likely a tort, but the principle is elemental that this tort may be waived by the plaintiff and a suit brought for money had and received. This action is upon the theory that the defendant has been unjustly enriched to the detriment of this plaintiff.

In Wooley v. Staley, 39 O. St., 354, can be found a discussion of what constitutes a tax, and from a reading of that case, we take it that there is only one conclusion, which is, that the petition does not state a cause of action which is in any way affected or controlled by the language of Section 4172.

Secondly, it is the contention of the plaintiff in error that Section 4172 cannot apply in this case, because, from the facts stated in the petition, it is clear that there was a concealment and deception on the part of the officers of this defendant concerning the application of the sum of money sued for, for a long time after the date of making the sale, and that by reason of this concealment and deception the case is taken out of the statute (Section 4172) if it ever fell there, which we deny, and now falls under the general statute of limitations, namely, Section 3456. The petition clearly states that the plaintiff had no notice that this money had been applied to the satisfaction of the taxes for the year 1899. There is no statement in the petition that it was collected for that purpose.

Independent of statute, it is the general rule that where fraud or deceit are practiced the statute of limitations does not begin to run until its discovery. (Bailey v. Glover, 21 Wall., 342; Stebbins v. Patterson, 108 Mich., 537; Rosenthal v. Walker, 111 U. S., 185; Traer v. Clews, 115 U. S., 528; Snodgrass v. Bank, 60 Am. Dec., 511; Larsen v. Utah Loan, 65 Pac., 208 (Utah); see note to Wood v. Williams, 34 Am. St., 85; Andrews v. Southworth, 34 Tex., 544; see note to Chicago, &c., v. Titterington, 31 Am. St., 47.)

As a third proposition, this petition may be viewed in a slightly different light. It is the contention of the plaintiff in error that as to the surplus remaining after the payment of the taxes of 1900 and the expenses for the collection of the same the officer is, by Section 1880 of the Revised Statutes, constituted a trustee, holding the same for the delinquent, and that the statute does not commence to run until he renders his account as he is required to do by the statute.

*John R. Arnold,* County Attorney, and *J. C. Hamm,* for defendant in error.

The statute of limitations can be taken advantage of by demurrer. (1 Kincaid Code Pleading, 105; Delaware Co. v. Andrews, 18 O. St., 49; Sturges v. Burton, 18 O. St., 215; Cowhick v. Shingle (Wyo.), 37 Pac., 689; 5 Wyo., 87.)

The petition shows that the sale of the wool was made on the 18th day of July, 1900, and that that sale was made for the payment of taxes. The tax paid, whether by distraint or otherwise, was, therefore, paid on the 18th day of July, 1900. The statutes of Wyoming provide that an action for the recovery of taxes must be brought within one year from the time the taxes are paid. (Sec. 4172, R. S. 1899.)

The attempt of the plaintiff in error to bring his action within the period is based upon his effort to show by his

pleading that, by reason of his failing to do something himself, the statute of limitations did not begin to run until a certain day later, which he sets up as the 2d day of February, 1901. The petition is filed on the 27th day of January, 1902, but we take it that it is so well settled as to need no argument that the plaintiff in error cannot by his own laches or his own acts toll the statute. The statute of limitations commences to run from the time of the payment and not from the time of the demand. (Spinning v. Pierce Co. (Wash.), 54 Pac., 1006; 20 Wash., 126.)

Plaintiff also attempts to bring himself within the statute by alleging that he made a demand upon the Board of County Commissioners on the 27th day of October, 1901. There is no provision in the law that any demand made upon the Board of County Commissioners would give him any advantage in this regard. The statute provides that he may have a statement from the collector upon demand at any time, and that the collector may pay to him any overplus remaining after the payment of the taxes where the property is sold under distraint therefor. (Sec. 1880, R. S. 1899.)

He postpones making that demand at his peril. He cannot wait for two years after his property is sold for the taxes and then, by making a demand upon and receiving from the collector of taxes a statement, base an action upon that statement. His action is not based upon the tax receipt, but upon the illegal collection of taxes, and the taxes having been collected on the 18th day of July, 1900, the statute of limitations began to run from that date, and any action to recover must have been brought within one year from that date.

The records are open to all the world and the entries are there, together with all the proceedings had by the officer as a tax collector, and hence there could be neither concealment nor fraud.

CORN, CHIEF JUSTICE.

The plaintiff in the court below (plaintiff in error here) brought suit to recover from the defendant (defendant in error here) the sum of $213.55. Defendant demurred to the petition upon the ground that the action was barred by the statute of limitations, the demurrer was sustained and, plaintiff refusing to plead further, there was judgment for the defendant for costs. The plaintiff alleges the sustaining of the demurrer as error.

The bar of the statute of limitations becomes available on demurrer only when the petition shows affirmatively that the statutory period had elapsed before the action was commenced. When this does not appear the statute must be pleaded. (Huston v. Craighead, 23 O. S., 209; Seymour v. Railway Co., 44 O. S., 12; Cowhick v. Shingle, 5 Wyo., 87.) It is insisted in this case that the suit is for the recovery of a tax and is barred by Section 4172 of the Revised Statutes, which provided that "no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected."

The petition sets out that plaintiff was a resident of Uinta County and engaged in sheep raising in that and the adjoining County of Sweetwater; that he owned about six thousand head of sheep, which on the 1st day of April, 1899, were all in Sweetwater County; that they were there returned and assessed for taxation, and that in November of the same year he paid the taxes on them to the authorities of Sweetwater County and that he owned no other property whatever in this State; that later in the season he removed them to their summer range in Uinta, giving notice to the authorities of that county, stating their number and class and the date when they crossed the county line; and that subsequently the taxes upon them, paid by him to the County of Sweetwater, were divided between the two counties as provided by law; that he had no property whatever liable to the payment of taxes in Uinta County for the year 1899; that on July 18, 1900, the tax collector

of Uinta County "sold twenty thousand pounds of plaintiff's wool for the sum of $1,300, upon a so-called distress process whereby said tax collector claimed of the plaintiff the sum of $240.01 as taxes then alleged to be due from the said plaintiff to the said Uinta County for the year 1900, together with the costs of collecting the same;" that on February 2, 1901, the collector remitted to the plaintiff $520.74 and notified him that he had deducted from the $1,300, proceeds of the sale, the taxes for the year 1900 and also the sum of $213.55 as taxes for the year 1899, and that plaintiff had no other notice or knowledge that the said sum of $213.55 had been withheld from him; that he demanded payment of the amount from the defendant on October 29, 1901, and payment was refused.

Defendant in error contends that the taxes were collected and the statute commenced to run on July 18, 1900, when the sale of the wool was made, and that, consequently, more than one year had elapsed prior to the commencement of the action on January 28, 1902. And, without deciding these questions at this time, it may be conceded that the action is for the recovery of a tax and that the statute began to run from the date of its collection. This leaves but one question to be decided in the present proceeding, and that is whether the petition shows affirmatively that the tax was collected prior to February 2, 1901. Taking always the allegations of the petition as the facts in the case, as must be done upon demurrer, it appears that the property was sold for the taxes of 1900. Conceding that it must be presumed that the collector immediately applied so much of the proceeds of the sale as was necessary to the payment of the taxes of 1900, nothing else appears beyond the fact that there was then remaining in his hands a surplus which, in the absence of any legal demand to which he might apply it, must under the statute be returned to the owner. There is no allegation in the petition that it was then applied to the payment of any taxes claimed to be due for 1899, the property was not distrained or sold for

taxes claimed to be due for that year, but for another purpose, and, therefore, no presumption arises that it was so applied upon any theory that the money was by the officer devoted to the purpose for which he obtained it. Nor can any presumption arise that he so applied it based upon his duty to collect the tax and, therefore, to apply to its payment any money of plaintiff coming into his hands as collector, for the fact, as stated in the petition, was that no such tax was owing by plaintiff and, therefore, there was no duty resting upon the officer to collect such amount, and the application of any part of the fund to such purpose would have been an unauthorized and unlawful conversion of it.

Section 1880 of the Revised Statutes, under which the sale was made, provides that "any surplus remaining above the taxes, charges of keeping, transportation and fees of sale, shall be returned to the owner, and the collector shall, on demand, render an account in writing of the sale and all charges." This return of the surplus conveyed to the plaintiff the first notice or knowledge that any part of the proceeds of the sale had been applied to the payment of taxes claimed to be due from him for the year 1899, and it was not made until February 2, 1901. It does not appear in any way whatever that the amount sued for was applied to that purpose at any time prior to that date. And if any presumption arises it would seem rather to be that the officer returned the surplus, as it was his duty to do under the statute, immediately or within a reasonable time after deducting the taxes and charges, and not that he kept it in his hands without any apparent reason for more than six months.

It is urged by counsel for defendant in error that plaintiff in error cannot prevent the running of the statute by his want of knowledge that his money had been so applied, as the records of the county are open to public inspection and it was his duty to ascertain. But it is not his want of knowledge that affects the question. It is the entire absence of any evidence that the amount sued for was applied to the

payment of taxes, or in any way converted by the collector to the use of the county, or that there was, or could have been, any record of such transaction prior to February 2, 1901.

Upon an examination of all the averments of the petition, we think it is entirely clear that it does not appear therefrom that the amount sued for was applied to the payment of taxes at any time prior to February 2, 1901, which was within a year prior to the commencement of the suit. The demurrer was, therefore, erroneously sustained. What the evidence may show upon a trial upon a plea setting up the defense of the statute is matter of conjecture and does not affect this proceeding. We decide only the single proposition presented by the record.

The judgment will be reversed and the cause remanded for a new trial.                                    *Reversed.*

KNIGHT, J., and POTTER, J., concur.