[No. 23227. *En Banc.* November 5, 1931.]

Frank Dolan *et al., Appellants,* v. W. H. Baldridge *et al., Respondents.*[1]

[1]Reported in 4 P. (2d) 871.

*Wm. F. Lucht, Jr.,* and *Lyle G. Von Erichsen,* for appellants.

*Lund & Dodds,* for respondents.

MILLARD, J.—This action was commenced by Frank Dolan and wife to recover for personal injuries alleged to have been sustained June 5, 1927; by Mrs. Dolan as the result of the negligent operation of an automobile owned and driven by the defendants, a marital community, in that the defendant—which spouse is not specified—was driving at a reckless and unlawful rate of speed in the city of Spokane and collided with another automobile in which Mrs. Dolan was riding.

Summons and complaint in this action were served on defendant wife personally, in Spokane, May 12, 1930. At the same time, substituted service upon defendant husband was attempted by leaving a copy of the summons and complaint with defendant wife at the alleged "house of his usual abode." The summons and complaint were placed of record in the office of the clerk of Spokane county, May 29, 1930.

On June 3, 1930, defendant wife appeared and moved for a change of venue to King county, on the ground that that county was her place of residence. Defendant husband at the same time appeared specially, objecting to the jurisdiction of the court upon the ground that there had been no service of process upon him; and moved the quashing of the "service had by leaving a copy of the summons and complaint with his wife while she was transitorily in Spokane," and when defendants' house of usual abode was in Seattle. The wife's motion for change of venue to King county and the motion to quash service on the husband were sustained.

On September 25, 1930, defendant husband was served personally with summons and complaint in King county. On October 14, 1930, defendant husband demurred to the complaint, on the grounds that the complaint did not state facts sufficient to constitute a cause of action against him; and that the action

"... was not commenced and service made upon said defendant within the time limited by law therefor, and said action is barred by the statute of limitations."

The demurrer was sustained on the ground that the action as to the defendant husband

"... was not commenced within the time limited by law, and that the service of the summons and complaint on the said W. H. Baldridge was made more

than ninety days after the filing of the complaint, and said service is hereby quashed, for the reason that, when the aforesaid service was made, the statute of limitations had run against the cause of action against said W. H. Baldridge.''

The court also granted the motion of defendant husband to strike an affidavit filed by the plaintiffs. The affidavit was to the effect that affiant from July 23, 1930, until August 13, 1930, made repeated calls at the Seattle residence of defendants to serve summons and complaint; that at none of those times was affiant "able to find them in;" that he was informed on August 13, 1930, that defendant husband had been in San Francisco "for a month or month and a half, and that Mrs. Baldridge was in Billings, Montana.''

Plaintiff refusing to plead over after the sustaining of defendant husband's demurrer to the complaint, defendants moved for dismissal of the action as to both defendants, on the ground that the plaintiffs were in default; that the action was against the defendants as a marital community, and as it was barred as against the husband, it could not be maintained against the wife. The motion was sustained, and judgment of dismissal was entered December 27, 1930. Plaintiffs appealed.

█ The complaint alleges that the respondents are husband and wife; that Mrs. Dolan was injured as the result of the negligent operation of an automobile owned and driven by the respondents. Clearly, the action is against the respondents as a marital community. The liability, if any, for the tort of which appellants complain, would be a community obligation. That being so, the husband was a necessary party defendant, without whom the action could not proceed, as the action could not be maintained against the wife alone for a community obligation. It was essential,

therefore, to the maintenance of the action against the marital community that either personal service or substituted service of summons be made upon the husband.

█ Substituted service is not valid unless it is made in the manner prescribed by the statute. Our statute provides that the summons shall be served by delivering a copy thereof

" . . . to the defendant personally, or by leaving a copy of the summons *at the house of his usual abode* with some person of suitable age and discretion then resident therein." Rem. Comp. Stat., § 226, subd. 12. (Italics ours.)

It appears that respondent husband was a national bank examiner; that, on April 18, 1930, he received an order from the United States treasury department, his employer, that his headquarters had been changed from Spokane to Seattle, "effective at the earliest practicable date," and was directed to advise the department of his change of address. Pursuant to the order, respondent husband removed his headquarters to Seattle April 28, 1930, on which date he so advised the department as follows:

"In accordance with your instructions I have proceeded to Seattle, Washington, arriving 7:30 A. M., April 29, 1930. You will later be advised of my residence address."

On April 27, 1930, respondent wife went to Montana to visit her parents, with whom she remained until May 6, 1930. On May 9th and 10th, she was in Seattle with her husband, engaged in selecting a permanent place of residence in that city. On May 11, 1930, she returned to Spokane "to get the furniture," and, while so employed May 12, 1930, she was served with summons and complaint, and substituted service upon her husband was attempted at the same time as above related.

Obedient to the command of his superior, the respondent husband established his headquarters in Seattle, April 28, 1930. The wife availed herself of the opportunity to visit her parents. On May 9th and 10th, the wife and husband busied themselves in Seattle in selecting a permanent place of residence in that city. While the affidavit does not recite the street and house number, no other reasonable conclusion can be drawn than that they succeeded in finding a place to live, inasmuch as on May 11th the wife returned to Spokane to ship the household furniture to the respondents' new home in Seattle. While engaged in that task on May 12, 1930, she was personally served, and substituted service upon her husband was attempted. The wife was not then residing at the Spokane residence. The husband had not been there since April 27th, when he departed from Spokane and established his headquarters in Seattle. Clearly, the Spokane house, the former home of respondents, the place from which they were then removing their household goods, was not the house of their usual abode under the statute.

"In its relation to the question 'to whether a summons has been left at the house of his usual abode,' the quoted term means one's fixed place of residence for the time being, the place *where defendant is actually living at the time,* and may be synonymous with 'residence.' But ordinarily 'usual place of abode' is a much more restricted term than 'residence' and means the place where the defendant is actually living at the time when the service is made. Service at the dwelling house of defendant, which is not described as his usual place of abode, is not sufficient. The purpose of the use of the term in an act relating to the service of process has primary reference to the place where the defendant is usually to be found. Therefore 'usual place of abode' means 'present place of abode.' " Vol. 2, Words and Phrases, 2d series, p. 918. (Italics ours.)

To the same effect is *Mygatt v. Coe,* 63 N. J. L. 510, 44 Atl. 198, in which the phrase "usual place of abode" is defined as the house in which the person to be served is actually living at the time of the service. The husband was not, the wife was not, actually living at the Spokane residence at the time service was attempted. She was there simply for the purpose of removing their household goods to their new residence in Seattle. At the time substituted service upon the husband was attempted, "the house of his usual abode" was in Seattle. There he was actually living. In that abode, his new home, his wife would soon join him with their household goods, which she was preparing for shipment at the time service was attempted. The substituted service was not valid, as a copy of the summons was not left "at the house of his usual abode;" hence the court did not err in quashing same upon motion of respondent husband.

█ The sustaining of the demurrer of the respondent husband and the granting of respondents' motion to strike a third party's affidavit filed by the appellants are assigned as error.

Mrs. Dolan was injured June 5, 1927. Her right of action accrued at that time. The statute (Rem. Comp. Stat., § 159) provides that, unless an action in such a case is commenced within three years after the cause of action shall have accrued, recovery is barred. The complaint was filed May 29, 1930, which was within the three-year period, and was sufficient to toll the statute if service were had upon the respondent within ninety days thereafter.

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to

the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint." Rem. Comp. Stat., § 220.

Valid service upon the husband was not made until September 25, 1930. That was too late, as it was nearly four months subsequent to the date of the filing of the complaint and more than three years after the right of action accrued.

"Nor do we find that the court erred in dismissing the action. As before stated, the plaintiff did nothing more towards the commencement of its action than to file its complaint. In this state the filing of a complaint, without more, is not the commencement of an action. It is only a step in that direction. As we said in *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann Cas. 1918B 31:

" 'We have also repeatedly held—and the holding was inevitable—that, under the provisions of § 220 (Rem. & Bal. Code), the filing of the complaint is not the commencement of an action but only a tentative commencement, wholly abortive unless followed by personal service on one or more defendants, or by the commencement of service by publication within ninety days. "Both must exist before the action is commenced." *Deming Inv. Co. v. Ely,* 21 Wash. 102, 57 Pac. 353; *Fuhrman v. Power,* 43 Wash. 533, 86 Pac. 940; *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049.'

"There was, therefore, no action actively pending at the time the defendants appeared." *Northern Pacific R. Co. v. State,* 144 Wash. 505, 258 Pac. 482.

■ We can not say on the record before us that the action was not commenced in time. The question whether the operation of the statute of limitations was suspended, as provided by Rem. Comp. Stat., § 168, reading as follows, will be determined when properly presented:

"If the cause of action shall accrue against any person who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited after the return of such person into the state, or after the time of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

The trial court erred in sustaining the demurrer. It is true, as respondents contend, that the defendant may demur to the complaint "when it shall appear upon the face thereof . . . that the action has not been commenced within the time limited by law." Rem. Comp. Stat., § 259. It must be borne in mind that the fact that the action is barred by the statute of limitations must "appear upon the face" of the complaint, otherwise advantage thereof can not be taken by demurrer. The bar of the statute of limitations as a ground of demurrer

" . . . may not be urged by demurrer unless it clearly and affirmatively appears on the face of the complaint." Sec. 213, p. 351, Vol. 1, Bancroft's Code Pleading.

We held in *Board v. First Presbyterian Church of Seattle,* 19 Wash. 455, 53 Pac. 671, that the objection that the action has not been commenced within the time limited by law

" . . . may be taken by demurrer when it appears upon the face of the complaint. Otherwise it may be made by answer."

"The fourth contention is that the action is barred by the statute of limitations. . . . the objection, to be available on demurrer, must appear on the face of the complaint." *Ihrke v. Continental Life Ins. Co.,* 91 Wash. 342, 157 Pac. 866, Ann. Cas. 1916F 430.

"When it appears upon the face of the complaint that the action was not commenced within the time limited by law, the objection may be taken by demurrer. Bal. Code, § 4907, subd. 7." *Joergenson v. Joergenson,* 28 Wash. 477, 68 Pac. 913, 92 Am. St. 888.

The complaint was filed May 29, 1930. The action would have been barred June 5, 1930. From the face of the complaint, it does not appear that the action was barred by the three-year provision of the statute of limitations. It was not proper for the court to consider the return of service of summons to ascertain the date of the commencement of the action. Bancroft Code Pleading, Vol. 1, § 213, p. 352.

"We held on the first hearing that for the purpose of determining whether a demurrer to the complaint upon the ground that the action had not been commenced within the time limited by the Code was well taken it was competent for the court to take into consideration the indorsement of the sheriff upon the summons in determining when the action was commenced. The weight of judicial utterance seems, however, to be against this position, the view seeming to prevail that the inquiry must be confined to the face of the complaint. (citing cases.) The doctrine of those cases seems highly technical, and does not appeal strongly to reason, but we feel constrained, in deference to precedent and the weight of authority, to recede from our former holding in that regard." *Smith v. Day,* 39 Ore. 531, 65 Pac. 1055.

The objection may not be urged by demurrer unless it clearly and affirmatively appears on the face of the complaint. *National Lumber Co. v. Hobbs,* 74 Ind. App. 476, 129 N. E. 255, holds that the court will not look beyond the complaint itself in determining its sufficiency upon demurrer, since a pleading must stand or fall by its own averments, and can find neither · weakness nor strength from other parts of the record. The court said:

"Appellee contends that the ruling of the court on the demurrer to the complaint was right, for the reason that the record relating to the filing of the complaint, the issuance of summons for appellee, the return of the sheriff endorsed thereon, the filing of the affidavit, alleging the nonresidence of appellee, the order for notice to appellee by publication, and the proof of such notice, when considered in connection with the averments of the complaint and the exhibits filed therewith, discloses that appellant's cause of action is barred by the statute relating to the foreclosure of mechanic's liens. This contention cannot be sustained, as the court will not look beyond the complaint itself in determining its sufficiency. As has been frequently held in this state:

" 'When a pleading is tested by demurrer, it must stand or fall by its own averments. It can find neither weakness nor strength from other parts of the record.' *Pittsburgh, etc. R. C. v. Moore* (1899), 152 Ind. 345, 53 N. E. 290, 44 L. R. A., 638; *Cleveland etc. R. Co. v. Parker* (1900) 154 Ind. 153, 56 N. E. 86; *Elwood, etc. Oil Co. v. Baker* (1895), 13 Ind. App. 576, 41 N. E. 1063; *Midland Steel Co. v. Citizens' Nat. Bank* (1901), 26 Ind. App. 71, 59 N. E. 211. The specific point for which appellee contends in the instant case was expressly passed upon adversely to such contention in the case of *Smith v. Day* (1901), 39 Ore. 531, 537, 64 Pac. 812, 65 Pac. 1055, wherein the court said: 'We held on the first hearing that for the purpose of determining whether a demurrer to the complaint upon the ground that the action had not been commenced within the time limited by the Code was well taken it was competent for the court to take into consideration the indorsement of the sheriff upon the summons in determining when the action was commenced. The weight of judicial utterance seems, however, to be against this position, the view seeming to prevail that the inquiry must be confined to the face of the complaint.' This conclusion was reached from a consideration of the following cases, which fully support it. *Smith v. Holmes* (1859), 19 N. Y. 271; *Lambert v. Ensign Mfg. Co.* (1896), 42 W. Va. 813, 26 S. E. 431; *Zaegel v. Kuster* (1881), 51 Wis. 31, 7 N. W. 781;

*Smith v. City of Janesville* (1881), 52 Wis. 680, 9 N. W. 789; *Benedix v. German Ins. Co.* (1890), 78 Wis. 77, 47 N. W. 176. Confining our consideration to the complaint itself in the instant case, we cannot say that this action was not commenced within the period provided by statute. Appellee's contention, therefore, is not well taken."

In *Columbia Savings & Loan Ass'n v. Clause,* 13 Wyo. 166, 78 Pac. 708, it was held that, on demurrer to the petition, the court cannot refer to the process, return of service, or other parts of the record not forming a part of the pleadings, to ascertain when the action was commenced. The court said:

"Where it affirmatively appears on the face of the petition that the statutory period for bringing the action had elapsed before the action was commenced, the objection may be raised by demurrer on the general ground that the petition fails to state facts sufficient to constitute a cause of action. (*Cowhick v. Shingle,* 5 Wyo. 87, 37 Pac. 689, 25 L. R. A. 608, 63 Am. St. Rep. 17; *Marks v. Board of Commissioners,* 11 Wyo. 488, 72 Pac. 894; *Bonnifield v. Price,* 1 Wyo. 172.) It is not necessary for the petition to negative the bar of the statute, unless, prima facie, on the facts alleged, the action would appear to be barred unless brought within some exception, and then to avoid a demurrer it would be necessary to allege the exception deemed sufficient to take the case out of the statute, or to prevent its running. But to be reached by demurrer the bar must affirmatively appear on the face of the petition, otherwise the objection must be taken by answer.

"A demurrer in any case reaches those objections only that are apparent on the face of the petition. That is the rule of code procedure generally, and is expressly so declared by our statute. (Rev. Stat. § 3535; 1 Abbott's Tr. Brief on Pleadings, 14; 6 Ency. Pl. & Pr. 297; Bliss Code Pl. § 404.) That is likewise the general rule at common law. (1 Chitty Pl. 692.) Though, under the practice at common law, where plaintiff declares upon a written instrument and states

the same but partially, the defendant may crave oyer of the instrument and set forth the whole of it, thereby making it a part of the declaration, and then demur; and that practice is followed in some states. (1 Chitty's Pl. 697; *Mathewson v. Grand Rapids,* 88 Mich. 858, 50 N. W. 651, 26 Am. St. Rep. 299.) We are aware of no such exception under the Code, in the absence of a specific provision for it. Generally, a demurrer founded on matter collateral to the pleading against which it is directed is called a 'speaking demurrer,' and is held bad. (6 Ency. Pl. & Pr. 298; *Ruddick v. Marshall,* 23 Iowa 243.)

"The amended petition to which the demurrer was sustained alleged the date of the rejection by the administrator of the claim sued on, but did not show when the action was commenced. Unless a new cause of action be introduced, or a new party brought in, an amended petition, in respect to the statute of limitations, relates back to the commencement of the action. It is, perhaps, permissible on the demurrer to go back to the original petition to ascertain from the official indorsement thereon when it was filed. If that be done here, it will be discovered that it was filed July 2, 1901, which was within the statutory period of three months after the claim had been rejected. But the arguments of counsel have taken a much wider range. It seems that the summons issued on the original petition was subsequently quashed on the ground that it had been directed to and served by an unauthorized officer; and a second summons was issued November 8, 1901, and served on defendant, and that a new summons was issued and served upon the filing of each amended petition. It is contended, on the one hand, that the action was not commenced when the original petition was filed, on the ground that the summons issued thereon and the service thereof was void; and, on the other hand, it is urged that the proceedings were sufficient to commence the action within the meaning and operation of the statute authorizing a new action within one year after the failure of plaintiff otherwise than on the merits. (Rev. St. § 3465.) This would present an interesting question upon an issue properly raised, but

a consideration of the facts involved is clearly beyond the scope of the demurrer.

"In none of the cases in this court upon an issue of the statute of limitations raised by demurrer does it appear that the question was decided upon anything outside the petition itself. When the pleading objected to is an original petition, the date of its filing represents the earliest time at which the action can be deemed commenced, since a summons does not issue until the filing of a petition. Therefore, if such a petition allege the time when the cause of action accrued, and there is no allegation sufficient to avoid the bar, and the statute appears to have run before the filing of the petition, the latter will show affirmatively that the action is barred. In the case in hand, even by resorting to the original petition, there is no such affirmative showing. The proceedings relative to the summons do not appear on the face of the petition, and, while the facts would be entirely competent on an issue raised by answer, their relevancy on demurrer is not perceived.

"By the great weight of authority, it is not competent to look to facts appearing by the process, return of service, or other parts of the record not forming a part of the pleadings, to sustain a demurrer to a petition; and it is not permissible on demurrer to look outside the petition to the process to ascertain when the action was commenced. (Abbott's Tr. Pr. on Pl. 18; *Brooks v. Metropolitan Life Ins. Co.* (N. J.), 56 Atl. 168; *Huss v. Central R. & Banking Co.*, 66 Ala. 472; *Nybladh v. Herterius*, 41 Fed. 120; *Smith v. Day*, 39 Ore. 531, 64 Pac. 812, 65 Pac. 1055; *Smith v. Holmes*, 19 N. Y. 271; *Zaegel v. Kuster*, 51 Wis. 31, 7 N. W. 781; *Smith v. City of Janesville*, 52 Wis. 680, 9 N. W. 789; *Benedix v. Ins. Co.*, 78 Wis. 77, 47 N. W. 176; *Anderson v. Douglas County*, 98 Wis. 393, 74 N. W. 109; *Steamboat Farmer v. McCraw*, 31 Ala. 659; *Hust v. Conn*, 12 Ind. 257; *Thames L. & T. Co. v. Beville*, 100 Ind. 309; *Am. Ins. Co. v. Replogle*, 114 Ind. 1, 15 N. E. 810; *Ghiradelli v. Greene*, 56 Cal. 629; *Kamm v. Bank of California* (Cal.), 15 Pac. 765; *Polk Co. v. Hierb*, 37 Iowa 361; *Robinson v. National Stock Yard Co.*, 12 Fed. 361; *Ruddick v. Marshall*, 23 Iowa 243;

*Miller v. Miller,* 63 Iowa 387, 19 N. W. 251; *Maynard v. Talcott,* 11 Barb. 569; *Owen v. Waters,* 2 M. & W. 91; *Swann v. Phoenix I. & C. Co.,* 58 Ga. 199; and see *State v. Simpkins,* 77 Iowa 676, 42 N. W. 516; *Osborne v. Portsmouth Nat'l Bank,* 61 Ohio St. 427, 56 N. E. 197.)

"In West Virginia it seems that oyer may be craved of the writ, and thus make it a part of the record to be considered with the declaration, so that a demurrer would in effect say that the facts as they appear by the writ and declaration are not sufficient in law; and the writ may then be looked to in order to show when the action was commenced. (*Lambert v. Ensign Mfg. Co.,* 42 W. Va. 813, 26 S. E. 431.) And in a case in the United States Circuit Court for the District of Oregon, it was held, citing the *West Virginia* case, *supra,* that on demurrer, in order to determine the date of the commencement of the action with reference to the statute of limitations, it is necessary to go to the summons, and that the writ and complaint must be read together, and what the writ shows will be deemed to appear on the face of the complaint. (*Patterson v. Thompson,* 90 Fed. 647.) No other case has come to our attention where that view has been taken.

"In the early case of *Bonnifield v. Price,* 1 Wyo. 172, suit was brought upon a foreign judgment, and a special demurrer was interposed on the ground 'that the cause of action did not accrue within five years prior to the filing of the petition.' The court said: 'Where from the face of the petition it is apparent, without any further showing, that the statute of limitation has commenced to run, a defendant may take advantage of the same by special demurrer. In this case, upon the decision of the demurrer, there was no legal evidence whatever before the court, neither could there have been as to the provisions and effect of the statutes of California.' In the case of *Anderson v. Douglas Co., supra,* the Wisconsin court held that it was precluded from looking to the admission of service indorsed on the summons and complaint.

"It is clearly incompetent, therefore, to take into consideration the facts concerning the process issued in the case. The defendant is not prevented from

taking advantage of those facts by answer, but they are foreign to the issue presented by the demurrer.''

To the same effect is *Mann v. Redmon,* 23 N. D. 508, 137 N. W. 478, where the court said:

''As to whether the demurrer will here invoke the statute of nonclaim, we hold it will not, because we must consider matter *dehors* the face of the complaint to enable us to determine the date of the commencement of this action. While authorities are found supporting the doctrine that the summons may be considered with the complaint to determine whether the action as brought is barred by a statute of limitations, the weight of authority is the other way. That it may be consulted, see *Dielmann v. Citizens Nat. Bank,* 8 S. D. 263, 66 N. W. 311; *Patterson v. Thompson* (C. C.) 90 Fed. 647; *Smith v. Day,* 39 Ore. 531, 64 Pac. 812, 65 Pac. 1055. But as sustaining our holding and announcing the weight of authority, see *Smith v. Day, supra,* overruling former contrary holding: *Brooks v. Metropolitan Life Ins. Co.,* 70 N. J. L. 36, 56 Atl. 168; *Columbia Sav. & L. Assn. v. Clause,* 13 Wyo. 166, 78 Pac. 708, and authorities there collected, a case on all fours with the one at bar. The date of the commencement of the action not appearing from the face of the complaint, the demurrer should be overruled.''

 It is true that, in passing upon a demurrer to a complaint, the file mark upon the latter has been deemed a part thereof. The return of service of summons does not import verity like the complaint which bears the file mark of the court. The return is not conclusive. Extrinsic evidence is admissible to contradict its statements and recitals.

 The statement made by many of the authorities that the demurrer searches the entire record, means no more than that a demurrer to an answer, reply, or pleading subsequent to the complaint opens the record, and that the demurrer ''is carried back to, and tests the sufficiency of, all pleadings which precede

it." 49 C. J., 445. It does not mean that matters *dehors* the record, such as the return of service of summons, affidavits, etc., are searched by the demurrer.

The objection of the respondents should have been taken by answer.

"When any of the matters enumerated in section 259 do not appear upon the face of the complaint, the objection may be taken by answer." Rem. Comp. Stat., § 261.

■ It is argued that the trial court treated the demurrer as a motion to quash the service. The order reads, so far as material, as follows:

"This cause coming on regularly to be heard . . . on demurrer of the defendant to the complaint of the plaintiff, and also on motion of said defendant to strike the affidavit of Robert B. Porterfield . . . Now, therefore, it is ordered: That said motion to strike be and the same is hereby granted; and it is further ordered that said demurrer be and the same is hereby sustained on the ground that the said action as to the defendant, W. H. Baldridge, was not commenced within the time limited by law, and that the service of the summons and complaint on the said W. H. Baldridge was made more than ninety days after the filing of the complaint, and said service is hereby quashed, for the reason that when the aforesaid service was made the statute of limitations had run against the cause of action against said W. H. Baldridge."

The interposition of a demurrer to a complaint does not challenge the form and validity of the summons. The question whether service of summons was timely made can not be raised by demurrer, that fact not appearing upon the face of the complaint. Respondents made no motion to quash the service. The trial court's quashing of the service on its own motion after sustaining the demurrer was indeed supererogatory. If the ruling on the demurrer was correct, what was the

necessity of quashing the service? If the court erred not in sustaining the demurrer, the action was at an end.

We can not hold that the court treated the demurrer as a motion to quash the service, or as a demurrer in part and in part as a motion to quash. The office of a demurrer is not the same as that of a motion to quash. While there is no magic in a name, our practice is not so liberal that the court may, on its own motion, treat a demurrer as a demurrer and also as a motion to quash.

We do not hold that the court can not, on its own motion, enter an order to quash the service. However, it would appear to be a better theory of legal practice for the trial judge to remain passive until, as said in *State v. Parker,* 7 S. C. 235, 240, ''moved in the right of those interested in invoking the action of the court.''

''The sound theory of judicial action, based upon experience and reason, requires that the Judge shall remain passive until moved in the right of those interested in invoking the action of the Court. Remedies of all kinds, while granted by the Court in recognition of the right of the parties demanding them, are selected or sought for by the parties themselves as means of promoting their personal interests. So a Judge cannot properly initiate a remedy in behalf of any party, because he cannot properly represent the interests of the party for whose benefit such remedy is intended. It is a mistaken idea that the Court has any personal or official interest in the mode in which its process is employed, or in the results attained through it. It is the party alone who is interested in the process issued in his behalf, and he is at liberty to take or decline all that the law intends for him by issuing in his behalf the process of the Court. If that process is defeated or abated as to its proper effect, it is for the party prejudiced to determine, according to his notions of his interest in the matter, whether he will appeal to the Court for aid or be content with that which he can ob-

tain without such application." *State v. Parker, supra.*

It may be contended that, if the judgment is reversed, the result of the trial of the cause will be the same. We do not know whether the appellants on trial of the cause may allege and prove facts sufficient to toll the statute of limitations. That is a matter of choice on their part with which the appellate court has no concern at this time.

■ The court correctly granted the motion of respondents to strike the affidavit of Mr. Porterfield. The affidavit was not a pleading, nor could it be made to take the place of a pleading. *State ex rel. Victor Boom Co. v. Peterson,* 29 Wash. 571, 70 Pac. 71. The trial court properly refused to permit the appellants to thus allege facts, when the demurrer was interposed to the complaint, which appellants deemed sufficient to toll the statute of limitations. The affidavit was not a part of the complaint, nor was it a supplemental or amended complaint.

We have examined all of the authorities cited. They are either distinguishable on the facts from the case at bar or are not out of harmony with the views herein expressed.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

PARKER, MITCHELL, HOLCOMB, BEELER, and HERMAN, JJ., concur.

BEALS, J. (dissenting)—In my opinion, the law governing this case is correctly stated by the majority, save in so far as it is held that, in ruling upon respondents' demurrer, the trial court could not take into consideration the summons and the return of service attached thereto.

Our statute makes the fact that an action has not been commenced within the time limited by law ground for a special demurrer. This section of the statute should be so construed as to make the same effective. The date of the filing of the complaint is one element to be considered in determining whether or not a demurrer thereto, upon the ground that the action has not been commenced within the time limited by law, is well taken.

In fixing the date of the commencement of an action by the filing of the complaint, for the purpose of enabling it to intelligently rule upon such a demurrer thereto, we have held that the superior court may take notice of the date of the filing of the complaint, as disclosed by the file marks placed thereon, or upon the cover thereof, by the clerk of the court. Such a file mark is no part of the complaint, and it would seem that, if the mark did not include the date of filing, the court might also take notice of the appearance docket kept by the clerk, for the purpose of ascertaining the date the complaint was filed. It is for the advantage of all concerned that the question of whether or not an action has been commenced within the time limited by law be disposed of speedily and with the least possible trouble and expense to the parties. The convenience of the court is also served by the settling of such a question upon the pleadings, rather than by requiring the parties to answer and go to trial.

In my opinion, the court should, in ruling upon the special demurrer with which we are here concerned, consider the summons as filed in the action, and the return of service thereof, when the matter of the exact date of the commencement of an action becomes, as here, important. These files, while technically not part of the complaint, must often be considered in determining the date of the commencement of an action, and

frequently, as in the instant case, will prove to be the determinative factor in passing upon a special demurrer directed against the complaint upon the ground that the action has not been commenced within the time limited by law.

The rule formerly often followed, to the effect that, in such a case as this, where the decisive question is, when was the action commenced, and that question can be positively answered by reference to the summons and the return of service thereof, the bar of the statute of limitations must be raised by plea in abatement or by answer, is extremely technical, and should now, in the interest of speedy and simplified procedure, and in order that full effect may be given to this statutory ground for demurrer, be disregarded. In jurisdictions where the bar of the statute is raised by a general demurrer, there is less reason for the practice which I contend should be the rule than in jurisdictions, like our own, where the statute provides for the presentation of the question by special demurrer.

The files are before the court, the matter is presented upon the record made by the party endeavoring to obtain judgment against his adversary, and I see no reason for requiring the parties to go to the trouble and expense of preparing an answer and raising, in some circuitous manner, an issue of law which can be directly submitted to the court with much less trouble and expense and at a great saving of time in the manner in which the question was presented in the case at bar.

It is suggested in the opinion of the majority that the return of service of the summons is not conclusive, but is subject to attack and correction. This is equally true of the file marks placed upon the complaint by the clerk. If the date of filing is incorrectly disclosed

thereby, that matter may certainly be shown and the correct date inserted.

. For these reasons, I dissent from the conclusion reached by the majority.

TOLMAN, C. J., and MAIN, J., concur with BEALS, J.