Elwood Natural Gas and Oil Co. *v.* Baker *et al.*

Filed November 21, 1895.

---

No. 1,906.

## Elwood Natural Gas and Oil Co. *v.* Baker et al.

Evidence.—*Acceptance of Well Bored by Contract.—Natural Gas.—* The acceptance by the owner of a well bored by contract is evidence justifying a finding that "the water was entirely cased off,

Elwood Natural Gas and Oil Co. *v.* Baker *et al.*

and the well packed so as not to leak water or gas," as provided for in the contract for boring such well,

PLEADING.—*Complaint, Sufficiency on Demurrer.—Considered Alone.* —The insufficiency of a complaint, as not stating a cause of action, must be determined, on demurrer, from the complaint alone, without reference to the other pleadings or anything else in the record.

From the Madison Circuit Court.

*E. B. Goodykoonts* and *G. M. Ballard*, for appellant.

*D. L. Bishop* and *D. W. Scanlan*, for appellees.

Ross, J.—This action was brought by the appellees to recover a balance due them from appellant for drilling a gas well under the terms of a written contract. No copy of the contract was filed with the complaint, for the reason as alleged, that the appellant was in the possession thereof, and although requested, refused to give or permit appellee to take a copy thereof. Then follows a summary of the material parts of the contract as appellees remembered them. A demurrer for want of facts was filed to the complaint and overruled, thereupon the appellant filed an answer in two paragraphs, the first being a general denial, and the second setting forth the terms of the contract under which the work was done, and alleging noncompliance therewith on the part of the appellees. A copy of the contract was filed with this paragraph of the answer. To the second paragraph of the answer the appellees filed a reply of general denial. Upon the issues thus formed the cause was submitted to a jury for trial and a verdict returned in favor of the appellees, assessing their damages at one hundred and sixty-five dollars.

The contention of appellant, when attacking the sufficiency of the complaint, that appellees cannot allege that the contract provided for a well three inches in

diameter and then recover, when in truth and fact, the contract was that the well should be eight inches in diameter can have no force at this time, as the facts alleged in the complaint are, that by the terms of the contract the well was to be three inches in diameter, and it nowhere appears in the complaint that it was to be otherwise or different.   In determining the sufficiency of the facts alleged in the complaint to state a cause of action, we can look to nothing except the complaint itself.   Other pleadings filed, or the evidence, neither strengthen nor weaken the facts alleged in a complaint, when the sufficiency of the facts alleged to state a cause of action is being considered.

So far as any objection has been pointed out we think the complaint sufficient.

Again it is urged that the court erred in overruling the motion for a new trial.

There is ample evidence to sustain the verdict.   The contention that there is no evidence showing ''that the water was entirely cased off, or that the well was packed so it would not leak gas and water,'' is untenable.   The testimony of the appellees, and of a number of the witnesses, both for appellant and appellee, refutes the appellant's contention, and shows the well to be dry and free from leaks.   It also appears that the appellant accepted the well as completed, connected it with its mains and used it.   If the well was not completed or was not constructed in the manner provided in the contract, appellant should have refused to accept it.   We have examined the evidence upon the assumption that it is properly in the record, but under the decisions of this court, and of the supreme court, we doubt whether the evidence is properly before us.   *Morgan* v. *East,* 4 Ind. App. 507; *Prather* v. *Prather,* 139 Ind. 570, and cases cited.

It is next insisted that the court erred in giving to the jury instruction number five.

The instructions are not properly in the record, because not made so by bill of exceptions, or filed with the clerk as a part of the papers in this case, and for that reason we need not and do not consider anything with reference to them. *Evansville, etc.*, *R. R. Co.* v. *Weikle*, 6 Ind. App. 340.

