## NATIONAL LUMBER COMPANY v. HOBBS.

[No. 10,537.    Filed December 21, 1920.]

1. PLEADING.—*Demurrer to Complaint.—Limitation of Actions. —Review.—Scope.—Mechanics' Liens.*—In an action to foreclose a mechanic's lien the court will not look beyond the complaint to the record of its filing, the issuance of summons and its return, the affidavit of nonresidence of defendant and the order and proof of notice by publication, to determine whether the cause of action is barred by the statute.    p. 478.

2. MECHANICS' LIENS.—*Leasehold Estates.—Voluntary Surrender of Estate.—Lien Not Destroyed.*—The voluntary surrender of the lease creating an estate for years, does not destroy a mechanic's lien which attached before such surrender.    p. 479.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the National Lumber Company against William R. Hobbs. From judgment for defendant, the plaintiff appeals. *Reversed.*

*Charles P. Drummond, Donald P. Drummond* and *Klein & Zinkey,* for appellant.

*Eli F. Seebiert* and *Daniel D. Schurtz,* for appellee.

BATMAN, J.—This is an action by appellant against appellee to foreclose a mechanic's lien. The complaint

is in. a single paragraph, which alleges in substance, among other things, that on April 22, 1915, appellee was the owner of certain real estate in South Bend, Indiana, and on said date executed a written lease therefor to one Otto Mennucci for a term of years, at a rental of $300 per month, payable in advance; that said lessee took immediate possession of said real estate, and remained in possession thereof and paid the rent thereon until October 28, 1915, when he voluntarily surrendered said lease to appellee, who accepted such surrender, entered into the possession of said real estate, and has so remained since said date; that between May 1, and August 13, 1915, appellant, at the special instance and request of said Mennucci, furnished material and performed labor, in reconstructing and repairing the building located on said real estate, of the value of $1,800; that on September 15, 1915, and less than sixty days after said material was furnished and labor was performed, appellant filed in the office of the recorder of said county a notice of its intention to hold a lien on said real estate therefor; that the building on said real estate was greatly improved by the furnishing of said material and the performance of said labor, and the leasehold of said Mennucci was enhanced in value thereby; that the improvement of said building was made during the unexpired term of said lease, and before the same was surrendered as aforesaid, and with the knowledge, acquiescence and. encouragement of appellee, who received and accepted the benefits thereof; that the unexpired term of said lease, at the time appellant furnished said material and performed said labor, was of the reasonable value of $5,000; that there is due appellant for said material and labor the sum of $1,800, with interest thereon from August 13, 1915. A bill of particulars of said material and labor, and a copy of appellant's said notice of its intention to hold a lien on

said real estate therefor, were filed with the complaint as exhibits. The prayer asked that a lien be declared upon the leasehold interest of said Mennucci in favor of appellant, and that the same be foreclosed.

Appellee filed a demurrer to this amended complaint for want of sufficient facts, which was sustained, and, appellant refusing to plead further, judgment was rendered in favor of appellee. Appellant is now prosecuting this appeal on an assignment of error, based on the action of the court in sustaining appellee's said demurrer.

Appellee contends that the ruling of the court on the demurrer to the complaint was right, for the reason that the record relating to the filing of the complaint,

1. the issuance of summons for appellee, the return of the sheriff indorsed thereon, the filing of the affidavit, alleging the nonresidence of appellee, the order for notice to appellee by publication, and the proof of such notice, when considered in connection with the averments of the complaint and the exhibits filed therewith, discloses that appellant's cause of action is barred by the statute relating to the foreclosure of mechanic's liens. This contention cannot be sustained, as the court will not look beyond the complaint itself in determining its sufficiency. As has been frequently held in this state: "When a pleading is tested by demurrer, it must stand or fall by its own averments. It can find neither weakness nor strength from other parts of the record." *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 53 N. E. 290, 44 L. R. A. 638; *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153, 56 N. E. 86; *Elwood, etc., Oil Co.* v. *Baker* (1895), 13 Ind. App. 576, 41 N. E. 1063; *Midland Steel Co.* v. *Citizens Nat. Bank* (1901), 26 Ind. App. 71, 59 N. E. 211. The specific point for which appellee contends in the instant case was expressly passed upon adversely to such conten-

tion in the case of *Smith* v. *Day* (1901), 39 Ore. 531, 537, 64 Pac. 812, 65 Pac. 1055, wherein the court said: "We held on the first hearing that for the purpose of determining whether a demurrer to the complaint upon the ground that the action had not been commenced within the time limited by the Code was well taken it was competent for the court to take into consideration the indorsement of the sheriff upon the summons in determining when the action was commenced. The weight of judicial utterance seems, however, to be against this position, the view seeming to prevail that the inquiry must be confined to the face of the complaint." This conclusion was reached from a consideration of the following cases, which fully support it. *Smith* v. *Holmes* (1859), 19 N. Y. 271; *Lambert* v. *Ensign Mfg. Co.* (1896), 42 W. Va. 813, 26 S. E. 431; *Zaegel* v. *Kuster* (1881), 51 Wis. 31, 7 N. W. 781; *Smith* v. *City of Janesville* (1881), 52 Wis. 680, 9 N. W. 789; *Benedix* v. *German Ins. Co.* (1890), 78 Wis. 77, 47 N. W. 176. Confining our consideration to the complaint itself in the instant case, we cannot say that this action was not commenced within the period provided by statute. Appellee's contention, therefore, is not well taken.

Appellant contends that the complaint alleges every fact necessary to show that he acquired a lien on the leasehold estate of the said Mennucci. With this

2. contention we agree, but the question still remains as to whether the allegations with reference to the voluntary surrender of said lease by said lessee to appellee destroyed such lien. Appellee asserts that said lien was thereby destroyed, and relies on two propositions in support thereof, viz.: (1) Mere knowledge by an owner of real estate that his tenant is having repairs made to the leased premises will not subject such owner's interest therein to a lien therefor. (2) A

mechanic's lien upon a leasehold estate attaches thereto, subject to all conditions of the lease. We readily agree with each of these propositions, but they do not sustain the action of the court in holding that the complaint under consideration is subject to demurrer. It will be observed that the complaint alleges in substance, among other things, that the lease in question was for a period of years; that the labor and material which forms the basis of appellant's alleged lien was furnished within the first six months of said period; that said lessee took possession of the real estate involved on April 22, 1915, paid the rent thereon, and remained in possession thereof, until October 28, 1915, when he voluntarily surrendered said lease to appellee, who accepted such surrender, entered into the possession of said real estate, and has so remained since said date. These allegations require a consideration of the effect of such surrender on the rights of appellant. It is well settled that a mechanic's lien may attach to and be enforced against a leasehold estate. §8296 Burns 1914, Acts 1909 p. 295, §2; 18 R. C. L. 886; 27 Cyc 227; *McCarty* v. *Burnet* (1882), 84 Ind. 23; *Hopkins* v. *Hudson* (1886), 107 Ind. 191, 8 N. E. 91; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 36 N. E. 132, 45 Am. St. 218; *McAnally* v. *Glidden* (1902), 30 Ind. App. 22, 65 N. E. 291. The mere fact that the owner of the fee purchases the leasehold estate of a lessee, or accepts a voluntary surrender of the lease creating such estate, will not destroy a mechanic's lien which attached before such purchase or surrender. 1 Watson, Indiana Stat. Liens 695; 18 R. C. L. 887; *Ellis* v. *Brisacher* (1892), 8 Utah 108, 29 Pac. 879; *Dobschuetz* v. *Holliday* (1876), 82 Ill. 371; *Gaskill* v. *Trainer* (1853), 3 Cal. 334. This court has expressly so held where a voluntary surrender of a lease was involved. *McAnally* v. *Glidden, supra.* Since it appears from the allegations of the complaint that appellant ac-

quired a lien on the leasehold estate of said Mennucci, and that the alleged surrender of the lease creating the same did not destroy said lien, we conclude that the court erred in sustaining appellee's demurrer.

Judgment reversed, with instructions to overrule appellee's demurrer to the complaint, and for further proceedings consistent with this opinion.