## KOEHRING v. BOWMAN ET AL.

[No. 24,542. Filed January 9, 1924. Rehearing denied April 1, 1924.]

1. MECHANICS' LIENS.—*Property Subject to.—Leasehold.—Option Contract to Purchase.—Statute.*—The holder of a lease with an option to purchase has an interest in real estate to which a mechanic's lien will attach under §8295 Burns' Supp. 1921, Acts 1921 p. 135, another section of the statute expressly providing for its enforcement against "leaseholds." p. 436.

2. HUSBAND AND WIFE.—*Conveyances to.—Estate by Entirety.—Statute.*—An estate by entirety is an estate of an anomalous character, created by the common law, and preserved by statute when the law of real property was first reduced to a code in this state and has remained the law until this time (§§3953, 3954 Burns 1914, §§2922, 2923 R. S. 1881) ; such estates are not in harmony with any other part of the law of Indiana governing the legal rights of husband and wife, and the law authorizing their creation will not be enlarged by construction. p. 436.

3. HUSBAND AND WIFE.—*Estates by Entireties.*—*Personal Property.*—Estates by entireties do not exist as to personal property except when such property is directly derived from real estate held by that title, as crops produced by the cultivation of lands owned by entireties, or proceeds arising from the sale of property so held.  p. 436.

4. LANDLORD AND TENANT.—*Lease from Month to Month.*—*Interest Created by.*—A current lease of land from month to month, subject to termination at any time for nonpayment of rent or for violation of other conditions, confers on the lessee an interest in the land but not an "estate" of any kind.  p. 437.

5. HUSBAND AND WIFE.—*Estates by Entireties.*—*Option to Purchase.*—A mere option to purchase land, which is to be conveyed to a husband and wife by entireties, does not vest any title in the holders so long as the option has not been exercised.  p. 437.

6. MECHANICS' LIENS.—*Leasehold by Husband and Wife.*—*Contract by Husband.*—*Sufficient to Bind his Interest.*—Where a husband and wife have jointly entered into a lease contract, with an option to purchase the land described therein, the husband may contract for improvements to the buildings thereon and thereby give the contractor a right to a mechanic's lien on his interest, regardless of whether the wife authorized the improvement or consented to it.  p. 438.

From Marion Superior Court (A15,772) ; *Arthur R. Robinson*, Judge.

Action by Charles Koehring against Guy E. Bowman and wife to foreclose a mechanic's lien.  From a judgment awarding a personal judgment only, the plaintiff appeals.  (Transferred from Appellate Court under clause 2, §1394 Burns 1914.)  *Reversed.*

*Wilson S. Doan* and *James C. Mathews*, for appellant.

*J. Fred Masters* and *William E. Jeffrey*, for appellees.

EWBANK, C. J.—This was an action by appellant to recover on a contract with the appellee, Guy E. Bowman, and to foreclose a mechanic's lien upon a dwelling occupied by said appellee and his wife, for the value of a furnace installed therein pursuant to said con-

tract. Appellant recovered a personal judgment against said Guy E. Bowman for the agreed price of the furnace, but was denied a lien.

Overruling the motion for a new trial is assigned as error, under which appellant complains of the refusal to admit in evidence his notice of a mechanic's lien. It was proved, without dispute, that appellees were husband and wife;. that the wife was living with her husband and coappellee upon the premises at the time the contract sued on was made and at the time the furnace was installed therein under such contract; that appellee Guy E. Bowman and appellant entered into a written contract by which appellant undertook to install a furnace in said dwelling for a price named, and that appellant fully performed his contract, and there was due him the sum of $283; that appellees held possession of and were occupying said dwelling under a contract in writing, dated something more than a year before, by which the owner leased it to them at a rental of $30 per month, in advance, upon the conditions usually inserted in a lease of residence property, reserving to the lessor the right to declare the lease forfeited for nonperformance of any conditions after thirty days notice in writing, but with the further recital that, in consideration of $50 paid, the lessor granted to the lessee an option at any time while such lease was in effect to purchase the leased premises for $3,256 and interest thereon at 7 per centum from the date of the contract, and that, in case of such a purchase, all payments of rent, with interest thereon, should be credited on the purchase price, and the lessor should then convey said real estate to the lessees by a general warranty deed, in fee simple, subject to liens for taxes and municipal assessments attaching after the date of the option contract. Appellant then offered to introduce and read in evidence a notice of a mechanic's lien, duly filed and re-

corded, signed by appellant and addressed to appellees, and purporting to notify them that appellant intended to hold a mechanic's lien for $283 on said house in which the furnace was recently installed, and the lot on which it was situated, for work and labor done and materials furnished within the last sixty days. But an objection by appellees for the alleged reason that "there is no showing that the defendant Guy E. Bowman is the owner of the real estate described therein" was sustained.

In support of this ruling, counsel for appellees insist that the holder of a lease with an option to purchase does not have an interest in real estate to 1. which a mechanic's lien will attach. Counsel are mistaken. The statute gives a lien "on the interest of the owner" in the property improved by him or by his authority, and expressly provides for its enforcement against "leaseholds." §8295 Burns' Supp. 1918, Acts 1915 p. 106 (see Acts 1921 p. 135, §8295 Burns' Supp. 1921) ; §8296 Burns 1914, Acts 1909 p. 295; *McCarty* v. *Burnet* (1882), 84 Ind. 23; *National Lumber Co.* v. *Hobbs* (1920), 74 Ind. App. 476, 129 N. E. 255.

But counsel further insist that, under the lease and option, whatever interest the appellees had in the real estate was owned by entireties, as husband and 2, 3. wife, and say there was no evidence that the wife ever became a party to the contract under which the furnace was installed, so as to subject their joint estate to a lien. An estate by entirety is an estate of an anomalous character, created by the common law and preserved by statute when the law of "real property and the alienation thereof" was first reduced to a code in Indiana (R. S. 1843 p. 417, §§18, 19), and re-enacted without change when the statutes were revised in 1852, as part of "an act concerning real prop-

erty and the alienation thereof", which is still in force.
1 R. S. 1852 p. 232, §§5 and 6, §§2922, 2923 R. S. 1881,
§§3953, 3954 Burns 1914. Such estates are not in har-
mony with any other part of the law of Indiana gov-
erning the legal rights of husband and wife, and the
law authorizing their creation will not be enlarged by
construction. Estates by entireties do not exist as to
personal property (*Abshire* v. *Williams* [1876], 53 Ind.
64, 66) except when such property is directly derived
from real estate held by that title, as crops produced
by the cultivation of lands owned by entireties or pro-
ceeds arising from the sale of property so held.
*Patton, Admr.,* v. *Rankin* (1879), 68 Ind. 245, 247;
*Mercer* v. *Coomler* (1903), 32 Ind. App. 533, 69 N. E.
202; *Frost* v. *Frost* (1906), 200 Mo. 474, 98 S. W. 527,
118 Am. St. 689; 13 R. C. L. 1106, §128.

A mere current lease of lands at a monthly rental in
advance, subject to be terminated at any time for non-
payment of the agreed rent or violation of other
4. conditions does not convey to the lessee an "es-
tate" of any kind in the land, though it does give
the lessee an interest therein. *Kokomo Nat. Gas, etc.,
Co.* v. *Matlock* (1912), 177 Ind. 225, 228, 97 N. E.
787; *Spiro* v. *Robertson* (1914), 57 Ind. App. 229, 234,
235, 106 N. E. 726.

And a mere option to purchase lands could not vest
in the holders any title at all, whether by entireties
or otherwise, so long as the option had not been
5. exercised. *Ohio Oil Co.* v. *Detamore* (1905), 165
Ind. 243, 249, 73 N. E. 906; *Risch* v. *Burch*
(1911), 175 Ind. 621, 629, 95 N. E. 123.

It has been held that married women are so complete-
ly emancipated in Indiana that a wife may even be the
partner of her husband in all business transactions,
except so far as restrained by the law relating to the
ownership and conveyance of real estate. *Anderson* v.

*Citizens Nat. Bank* (1906), 38 Ind. App. 190, 193, 76 N. E. 811; *Wasem* v. *Raben* (1910), 45 Ind. App. 221, 225, 90 N. E. 636.

Counsel for appellee deny the sufficiency of the evidence to prove that the wife authorized the improvement or consented to it with knowledge, under such circumstances as to make her interest subject to a lien. But it was proved without dispute that the husband ordered the furnace installed, and expressly agreed, in writing, to pay for it, which gave the contractor a right to acquire a lien on the interest at least. And the refusal of the trial court to permit the introduction of evidence that notice of a lien had been filed was therefore error, for which the judgment must be reversed. That being true, it is not necessary to consider the sufficiency or insufficiency of the evidence as against the wife. The questions discussed by counsel may not arise when the case is again tried.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.