Richard L. SCHOON, Appellant (Defendant Below),

v.

VAN DIEST SUPPLY COMPANY, Appellee (Plaintiff Below).

No. 37A03-8607-CV-189.

Court of Appeals of Indiana, Third District.

Aug. 4, 1987.

Rehearing Denied Sept. 3, 1987.

James S. Kowalik, Hopper & Opperman, Indianapolis, for appellant.

Robert S. Nesbitt, Blaney, Nesbitt & Casey, Rensselaer, for appellee.

STATON, Judge.

Richard Schoon appeals the trial court's decision to allow attachment of a check from the Agricultural Stabilization and Conservation Service (ASCS) by Schoon's judgment creditor, Van Diest Supply Company. We consider the following issue:

> May a judgment creditor attach a check representing proceeds from the sale of crops from tenancy by the entirety property?

We believe it can, and we affirm that portion of the trial court's decision. We find it necessary to remand, however, to resolve the question of Richard's wife's interest in the check.

This case concerns crop proceeds in the form of a check for $3,383.98 from the ASCS to Richard and Johanna Schoon. On November 25, 1981, Van Diest Supply Company filed a complaint against Charles Schoon (who was then doing business as Wheatfield Fertilizer), and Charles's parents, Richard and Johanna Schoon, who allegedly had guaranteed their son's debt. Van Diest sought to recover $109,947.90 for chemicals it had sold on account to Wheatfield. When Charles filed a Chapter 7 bankruptcy and was discharged from the obligation, Van Diest turned for recovery to Richard and Johanna.

The court entered summary judgment in favor of Johanna, finding that she had not personally guaranteed Charles's debt, and, therefore, was not liable on the account. Judgment was entered against Richard, and Proceedings Supplemental were conducted.

As part of the Proceedings Supplemental, crop proceeds from the ASCS in the form of a check for $3,383.98 were attached. The court caused the check to be deposited in an interest bearing escrow account pending final determination of the appeal. Richard appeals.

As a general rule, Indiana courts have not recognized a tenancy by the entirety in personal property. However, crops from or proceeds from land held by the entirety have been held to possess the characteristics of a tenancy by the entirety. *Koehring v. Bowman* (1924), 194 Ind. 433, 142 N.E. 117. The point is relevant because, generally, the creditor of one spouse may not seize, sell, or attach entirety property. *Anuszkiewicz v. Anuszkiewicz* (1977), 172 Ind.App. 279, 360 N.E.2d 230, 232.

The check in question here, however, is not tenancy by the entirety property. The exception which allows personal property to be treated as entirety property applies only to property which is derived *directly* from real estate held by the entirety, such as crops on the land or proceeds arising

from the sale of land held by the entirety. The present case, in contrast, involves "proceeds from proceeds," or cash from the sale of crops. The Indiana Supreme Court has stated that "[tenancies by the entirety] are not in harmony with any other part of the law of Indiana governing the legal rights of husband and wife and the law authorizing their creation *will not be enlarged by construction*." *Koehring*, 142 N.E. at 118. The trial court correctly refused to "enlarge by construction" the law authorizing estates by entirety. Because the ASCS check does not represent tenancy by the entirety property, Richard's interest in the check is subject to attachment by his judgment creditor.

It appears from the record that the ASCS check is made out to both Richard and Johanna. Therefore, we remand for a proceeding in which the check can be endorsed and the funds disbursed to the appropriate parties.

GARRARD, P.J., and SHIELDS, P.J., concur.