Harold R. RHODES, Appellant,

v.

INDIANA NATIONAL BANK, Appellee,

Borden, Inc., Garnishee–Defendant.

No. 71A03–8903–CV–68.

Court of Appeals of Indiana, Third District.

Sept. 25, 1989.

Fred R. Hains, Mark S. Lenyo, South Bend, for appellant.

Richard D. Bonewitz, R. William Jonas, Jr., South Bend, for appellee.

GARRARD, Presiding Judge.

This case presents the question of whether a judgment creditor of one spouse may

properly seek to satisfy its judgment by a garnishment order against one half of the rental income due both spouses on real estate owned by them as tenants by the entirety. The trial court held that one half the rent paid was liable for the individual debt of the husband. We agree and affirm.

Harold and Betty Rhodes (Rhodes) own property located at 538 West Ireland Road, South Bend, as tenants by the entirety. They are also joint obligors on a promissory note and corresponding real estate mortgage for the same property. In 1980 the Rhodes entered into a lease with Borden from which they received $1,350.00 per month as rental proceeds.

In December of 1985 the bank filed suit against Harold Rhodes, individually, to recover money due and owing under a charge account he had established with the bank. The bank subsequently received judgment against Harold for $8,353.00 plus court costs. To recover this amount, the bank filed a verified motion in proceedings supplemental to garnish Harold's one-half of the rental proceeds from Borden.

Our law has, of course, traditionally held that real estate owned by husband and wife as tenants by the entirety is not subject to claims against either spouse individually. *Koehring v. Bowman* (1924), 194 Ind. 433, 142 N.E. 117. Yet as the *Koehring* court observed, the statute creating this tenancy will not be enlarged by construction.

> Estates by entireties do not exist as to personal property except when such property is directly derived from real estate held by that title, as crops produced by the cultivation of lands owned by entireties or proceeds arising from the sale of property [i.e., real estate] so held. [citations omitted]

142 N.E. at 118.

Thus, in *Whitlock v. Pub. Svc. Co.* (1959), 239 Ind. 680, 159 N.E.2d 280 the court held that the proceeds of an eminent domain taking retained the character of the tenancy but cited with approval New York cases which held that interest earned on such proceeds did not.

More recently in *Schoon v. Van Diest Supply Co.* (1987), Ind.App., 511 N.E.2d 12 this court, relying upon *Koehring, supra,* that the law concerning tenancies by the entirety will not be enlarged by construction, held that monies from the sale of crops raised on tenancy by the entirety real estate were not protected from the claims of the creditor of one of the spouses and that one half of such funds were available to attachment.

We believe, as did Judge Montgomery, that rental income from property owned by the entireties does not retain the character of entireties ownership and that therefore one half of such income is subject to the claims of the creditors of the spouse incurring an individual indebtedness. To the extent that this may constitute a restriction of the notion of what may qualify as property directly derived from real estate held by the entireties, it is a restriction in keeping both with the principle stated in *Koehring* and with the reality of modern society. While good cause may remain to protect real estate owned by a husband and wife from the creditors of either individually (including sale proceeds maintained in an identifiable fund), the same cannot be said for protecting the profits derived through such ownership.

There was no error. The judgment is affirmed.

HOFFMAN and STATON, JJ., concur.