**Sara M. DISS, Appellant–Defendant,**

v.

**AGRI BUSINESS INTERNATIONAL, INC., Appellee–Plaintiff.**

No. 02A03–9510–CV–362.

Court of Appeals of Indiana.

Aug. 30, 1996.

Frederick R. Tourkow, Tourkow Crell Rosenblatt & Johnston, Fort Wayne, for Appellant.

Ward W. Miller, Bloom, Bloom, More & Miller, Fort Wayne, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant-garnishee Sara M. Diss appeals from proceedings supplemental to a prior judgment in favor of Agri Business International, Inc. (ABI). The facts relevant to this appeal are recited below.

On August 27, 1992, ABI was awarded a judgment against James Diss in the amount of $37,100.29, which was affirmed by this Court on appeal. Contemporaneous with his appeal, James filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Indiana, on December 14, 1992. On February 16, 1994, James' discharge in bankruptcy was denied. Thereafter, on April 4, 1994, ABI filed a motion for proceedings supplemental against James and garnishee-defendants Robert and Cynthia Borcher, lessees of 4418 Turf Lane. This property was held by James and Sara since 1989 as tenants by the entireties. James and the Borchers were given notice of the

hearing on the motion for proceedings supplemental. On May 23, 1994, after having received notice of the proceedings supplemental and prior to the hearing scheduled for June 14, 1994, James and Sara deeded the property, known as 4418 Turf Lane, to Sara and recorded the deed with the Allen County Recorder.

On June 14, 1994, at 11:00 A.M., the trial court conducted the proceedings supplemental hearing. Present at the hearing were James and his counsel, David Peebles; Sara and her counsel, Frederick Tourkow, although he failed to file a written appearance; ABI's counsel Ward Miller; and the Borchers appearing *pro se.* At the hearing, the court took ABI's request for a garnishment order against the Borchers for one-half the rental under advisement. No mention was made during the hearing of the prior conveyance of May 23, 1994. On the same date as the hearing, Sara further conveyed the property, known as 4418 Turf Lane, to the Sara M. Diss inter vivos Trust. The second deed was recorded on June 14, 1994.

On June 28, 1994, the trial court entered a garnishment order, directing the Borchers to remit one-half of the rents from 4418 Turf Lane payable to James and Sara for each month after April 12, 1994. Subsequently, without notice to the court, Sara's counsel instead directed the Borchers to make all rental payments to Sara Diss, the sole owner of the real estate since May 23, 1994. On June 30, 1994, Sara was named as garnishee-defendant in a second motion for proceedings supplemental. After a hearing, the court noted that Sara and the Borchers had in actuality been parties to the proceedings since early July 1994 and mid April 1994, respectively. The court then concluded that the conveyances of property on May 23, 1994 and June 14, 1994 were void as fraudulent transfers under IND. CODE §§ 32-2-1-14, 15, and 18 (1993 Ed.) to the extent that they purported to transfer the right of James to one-half the rental from 4418 Turf Lane. The court further ordered James and Sara to notify ABI at least thirty days prior to any "change in tenancy, transfer, sale or other action which may in any way hinder, mitigate, or otherwise affect" ABI's right to one-half the rents from 4418 Turf Lane under the June 28, 1994 garnishment order. Sara as garnishee-defendant then filed a motion to correct error which was denied. She now appeals the trial court's order.

■ Consolidated, the sole issue for review is whether the trial court erred in concluding that the conveyances of 4418 Turf Lane on May 23, 1994 and June 14, 1994 were fraudulent transfers. Sara contends that since the Turf Lane property was owned by James and her as tenants by the entireties, it was exempt from execution; hence, any transfer of the property cannot be fraudulent. Sara's reasoning is flawed. Here, the trial court clearly noted that the Court's order of April 6, 1995 voided the transfers of the Turf Lane property by James and Sara Diss only *"to the extent that they purport to transfer the right of James Diss to one-half of the rentals from said property."*

■ A tenancy by the entirety is immune from seizure in satisfaction of the individual debts of either of the co-tenant spouses. *Vonville v. Dexter,* 118 Ind. App. 187, 194, 76 N.E.2d 856, 859, *rehearing denied* 118 Ind.App. 187, 77 N.E.2d 759 (1948), *trans. denied;* 15 I.L.E. "Husband and Wife" § 88 p. 465 (1959). However, rental income from entirety property does not retain its character of entireties' ownership, and thus, one-half of the income is subject to the claims of creditors of spouses incurring individual indebtedness. *Rhodes v. Indiana Nat. Bank,* 544 N.E.2d 179, 180 (Ind.Ct.App.1989); *see also Schoon v. Van Diest Supply Co.,* 511 N.E.2d 12, (Ind.Ct.App.1987), *trans. denied* (crops); *Anuszkiewicz v. Anuszkiewicz,* 172 Ind.App. 279, 360 N.E.2d 230 (1977) (sale proceeds).

■ The Indiana Uniform Fraudulent Transfer Act IND. CODE § 32-2-7-1 *et. seq.* (1993 Ed.) does not apply to conveyances before July 1, 1994. Instead, the otherwise repealed law, IND. CODE §§ 32-2-1-14, 15 and 18, apply. Under section 14, a conveyance of real estate "made with the intent to hinder, delay or defraud creditors or other persons of their lawful damages" shall be void as to the person sought to be defrauded. IND. CODE § 32-2-1-14. The question of

fraudulent intent is deemed a question of fact. *Johnson v. Estate of Rayburn,* 587 N.E.2d 182, 186 (Ind.Ct.App.1992). Lack of consideration alone is not enough to support a charge of fraud. *Id.* Rather, fraudulent intent may be inferred from various factors or "badges of fraud" present in a given transaction including:

> 'the transfer of property by a debtor during the pendency of a suit; a transfer of property that renders the debtor insolvent or greatly reduces his estate; a series of contemporaneous transactions which strip the debtor of all property available for execution; secret or hurried transactions not in the usual mode of doing business; any transaction conducted in a manner differing from customary methods; a transaction whereby the debtor retains benefits over the transferred property; little or no consideration in return for the transfer; a transfer of property between family members.'

*Id.* No single factor constitutes a showing of fraudulent intent *per se;* the facts must be taken together to determine how many badges of fraud exist and if together they amount to a pattern of fraudulent intent. *Id.* This determination rests with the trier of fact. *Id.*

In the present case, numerous badges of fraud were present. James and Sara were husband and wife at the time of the transfers, and James as a co-tenant received no consideration for the transfer of the Turf Lane property. There is also ample evidence that the parties knew of the pendency of ABI's suit against James and that the transfer of the property would reduce his estate. The transfers of the property from James and Sara as tenants by the entireties to Sara as sole owner and then to an inter vivos trust represent a series of transactions designed to separate James from the property. Although the first transfer was completed by James and Sara prior to the June 14 hearing, neither party informed the court of the transfer. The court was also not informed of the second transfer which took place on the same day as the hearing. These factors presented sufficient evidence from which the trial court could find a fraudulent intent.

Sara cites *Stamper v. Stamper,* 227 Ind. 15, 83 N.E.2d 184 (1949) to support her contention that the Turf Lane property was exempt from ABI's claims; hence, as owners of the property, she and James had an absolute and unhampered right to transfer the property. Sara's reliance on *Stamper* is misplaced. As previously pointed out, the rents of the Turf Lane property were not exempt from execution. *See Rhodes,* 544 N.E.2d at 180.

A lien attaches to what a third party owes a judgment debtor when a proceedings supplemental is served upon the garnishee-defendant. *See In re Marriage of Wooten,* 563 N.E.2d 636, 639 (Ind.Ct.App. 1990). The tenants of the Turf Lane property were served with notice of the proceedings on April 12, 1994, which impressed a lien upon the rent monies. *See Radiotelephone Co. of Indiana v. Ford,* 531 N.E.2d 238, 241 (Ind.Ct.App.1988) (an equitable lien created at the time of service of process in proceedings supplemental). Moreover, the trial court did not err in ordering Sara or the trustee to provide the court with notice prior to any transfer which might affect James' interest in the property. As ABI points out, "[a]fter a hearing of which the judgment debtor has been notified, the court may ... forbid transfers of property and choices in action...." As stressed by the court, its order applies only as to James' one-half of the rents; Sara's right to use her one-half of the rent has been left unaffected by the court's order. The judgment of the trial court is affirmed.

Affirmed.

GARRARD and RUCKER, JJ., concur.